# EXHIBIT A

# FORM OF INTERIM DIP ORDER

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
**Caption in compliance with D.N.J. LBR 9004-2(c)**

**LOWENSTEIN SANDLER LLP**
Kenneth A. Rosen, Esq.
Bruce Buechler, Esq.
Gerald C. Bender, Esq.
Wojciech Jung, Esq.
Shirley Dai, Esq.
65 Livingston Avenue
Roseland, New Jersey 07068
Tel: (973) 597-2500
Fax: (973) 597-2400

*Proposed Counsel to the Debtors and
Debtors-in-Possession*

| | |
|---|---|
| In re: | Chapter 11 |
| Dots, LLC, *et al.*, [1] | Case No. 14-11016 (___) |
| Debtors. | (Joint Administration Requested) |

**INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 363, 364 AND 507
(1) AUTHORIZING DEBTORS TO INCUR POST-PETITION SECURED
INDEBTEDNESS, (2) AUTHORIZING USE OF CASH COLLATERAL, (3) GRANTING
LIENS AND PROVIDING SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS,
(4) GRANTING ADEQUATE PROTECTION, (5) MODIFYING AUTOMATIC STAY,
AND (6) SCHEDULING A FINAL HEARING**

The relief set forth on the following pages, numbered two (2) through and including fifty-

three (53), is hereby ORDERED.

---

[1]     The Debtors in these chapter 11 cases are Dots, LLC (3957), IPC/Dots LLC (8282), and Dots Gift LLC. The last four digits of Dots, LLC's and IPC/Dots LLC's tax identification numbers are (3957) and (8282), respectively.

Page:        2
Debtors:     Dots, LLC, et al.
Case No:     14-11016 (___)
Caption:     Interim Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364 AND 507 (1) Authorizing Debtors
             to Incur Post-Petition Secured Indebtedness, (2) Authorizing Use of Cash Collateral, (3) Granting
             Liens and Providing Superpriority Administrative Expense Status, (4) Granting Adequate
             Protection, (5) Modifying Automatic Stay, and (6) Scheduling a Final Hearing

THIS MATTER having come before the Court upon the motion (the "**Motion**") of Dots LLC ("**Dots**") and its affiliated debtors and debtors-in-possession (collectively with Dots, the "**Debtors**") in the above-captioned chapter 11 cases (the "**Cases**"), pursuant to sections 105, 361, 362, 363, 364 and 507 of title 11 of the United States Code, (11 U.S.C. §§ 101 *et seq.*, as amended, the "**Bankruptcy Code**"), Rules 2002, 4001 and 9014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 4001-4 of the Local Rules of the Bankruptcy Court for the District of New Jersey (the "**Local Rules**"), seeking entry of an interim order (this "**Interim Order**") and a final order (the "**Final Order**") *inter alia*:

(i)        authorizing the Debtors to enter into that certain Senior Secured, Super Priority Debtor-In-Possession Credit Agreement, dated as of January __, 2014, substantially in the form of the agreement is attached as <u>Exhibit A</u> hereto (as amended, supplemented or otherwise modified from time to time, the "**DIP Credit Agreement**"), and all related documents and agreements (together with the DIP Credit Agreement, the "**DIP Credit Documents**")[2], between the Debtors and Salus Capital Partners, LLC, as administrative and collateral agent (in such capacity, the "**DIP Agent**"), as lender and the other lenders from time to time party to the DIP Credit Agreement (collectively, the "**DIP Lenders**" and, together with the DIP Agent, the "**DIP Secured Parties**"); and to obtain senior secured, superpriority post-petition financing in the aggregate amount of $36 million (the "**DIP Facility**"), consisting of a $20 million senior secured, superpriority revolving credit facility, with a sublimit of $2 million for letters of credit, and a term loan facility in the original principal amount of $16 million;

---

[2] Capitalized terms used in this Interim Order but not defined herein shall have the meanings ascribed to such terms in the DIP Credit Documents.

Page:       3
Debtors:    Dots, LLC, et al.
Case No:    14-11016  (___)
Caption:    Interim Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364 AND 507 (1) Authorizing Debtors
            to Incur Post-Petition Secured Indebtedness, (2) Authorizing Use of Cash Collateral, (3) Granting
            Liens and Providing Superpriority Administrative Expense Status, (4) Granting Adequate
            Protection, (5) Modifying Automatic Stay, and (6) Scheduling a Final Hearing

(ii)    authorizing the Debtors to execute and deliver the DIP Credit Agreement and the

other DIP Credit Documents and to perform such other acts as may be necessary or desirable in

connection with the DIP Credit Documents;

(iii)    granting the DIP Facility and all obligations owing thereunder and under the DIP

Credit Documents to the DIP Secured Parties (collectively, including, without limitation

"Obligations" as described in the DIP Credit Agreement, the "**DIP Obligations**") allowed

superpriority administrative expense claim status in the Cases and any Successor Case (as

defined herein) and authorizing the Debtors to grant to the DIP Secured Parties automatically

perfected security interests in and liens on all of the DIP Collateral (as defined herein), in each

case subject to the priorities set forth herein;

(iv)    authorizing the Debtors' use of the Cash Collateral (as defined in section 363(a)

of the Bankruptcy Code) of the Prepetition Secured Parties (as defined herein);

(v)    providing adequate protection to the Prepetition Secured Parties to the extent set

forth herein;

(vi)    vacating and modifying the automatic stay imposed by section 362 of the

Bankruptcy Code to the extent necessary to implement and effectuate the terms and provisions of

this Interim Order and the DIP Credit Documents; and

(vii)    scheduling a final hearing (the "**Final Hearing**") to consider the relief requested

in the Motion and approving the form of notice with respect to the Final Hearing.

The Court having considered the Motion, the declaration of Lisa Rhodes, the Debtors'

Chief Executive Officer, in support of the Debtors' chapter 11 petitions and first-day motions,

Page:        4
Debtors:     Dots, LLC, et al.
Case No:     14-11016 (___)
Caption:     Interim Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364 AND 507 (1) Authorizing Debtors
             to Incur Post-Petition Secured Indebtedness, (2) Authorizing Use of Cash Collateral, (3) Granting
             Liens and Providing Superpriority Administrative Expense Status, (4) Granting Adequate
             Protection, (5) Modifying Automatic Stay, and (6) Scheduling a Final Hearing

including the Motion, the exhibits attached thereto, the DIP Credit Documents, and the evidence

submitted or adduced and the arguments of counsel made at the interim hearing held on the

Motion (the "**Interim Hearing**"); and notice of the Interim Hearing having been given in

accordance with Bankruptcy Rules 4001(b), (c) and (d), 9014, and Local Rule 4001-4; and the

Interim Hearing to consider the interim relief requested in the Motion having been held and

concluded; and all objections, if any, to the interim relief requested in the Motion having been

withdrawn, resolved or overruled by the Court; and it appearing to the Court that granting the

interim relief requested is necessary to avoid immediate and irreparable harm to the Debtors and

their estates pending the Final Hearing, and otherwise is fair and reasonable and in the best

interests of the Debtors, their estates, and their creditors and equity holders, and is essential for

the continued operation of the Debtors' business; and after due deliberation and consideration,

and good and sufficient cause appearing therefor;

BASED UPON THE RECORD ESTABLISHED AT THE INTERIM HEARING BY THE

DEBTORS, INCLUDING THE SUBMISSIONS OF DECLARATIONS AND THE

REPRESENTATIONS OF COUNSEL, THE COURT HEREBY MAKES THE FOLLOWING

FINDINGS OF FACT AND CONCLUSIONS OF LAW:

      A.    *Petition Date*.  On January 20, 2014 (the "**Petition Date**"), each of the Debtors

filed a voluntary petition under chapter 11 of the Bankruptcy Code in the United States

Bankruptcy Court for the District of New Jersey (the "**Court**") commencing the Cases.

Page:      5
Debtors:   Dots, LLC, et al.
Case No:   14-11016 (___)
Caption:   Interim Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364 AND 507 (1) Authorizing Debtors
           to Incur Post-Petition Secured Indebtedness, (2) Authorizing Use of Cash Collateral, (3) Granting
           Liens and Providing Superpriority Administrative Expense Status, (4) Granting Adequate
           Protection, (5) Modifying Automatic Stay, and (6) Scheduling a Final Hearing

B.      *Debtor in Possession*.  The Debtors are continuing in the management and operation of their businesses and properties as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in the Cases.

C.      *Jurisdiction and Venue*.  The Court has jurisdiction, pursuant to 28 U.S.C. §§ 157(b) and 1334, over these proceedings, and over the persons and property affected hereby.  Consideration of the Motion constitutes a core proceeding under 28 U.S.C. § 157(b)(2).  Venue for the Cases and proceedings on the Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

D.      *Committee Formation*.  As of the date hereof, the Office of the United States Trustee (the "**U.S. Trustee**") has not yet appointed any official committee in the Cases pursuant to section 1102 of the Bankruptcy Code (each, a "**Statutory Committee**").

E.      *Default by the Debtors; Debtors' Stipulations*.  The Prepetition Senior Secured Parties assert that the Debtors are in default under the Prepetition Credit Documents.  After consultation with their attorneys and financial advisors, and without prejudice to the rights of parties in interest as set forth in paragraph 31 herein, the Debtors admit, stipulate, acknowledge and agree that (collectively, paragraphs E(i) through E(vii) below are referred to herein as the "**Debtors' Stipulations**"):

(i)      *Prepetition Senior Credit Documents*.  As of the Petition Date, the Debtors had outstanding secured debt to Salus Capital Partners, LLC, as administrative agent, term loan agent and collateral agent, (in such capacities, the "**Prepetition Senior Agent**") pursuant to that certain Credit Agreement, dated as of September 12, 2013 (as amended, modified or

Page:        6
Debtors:     Dots, LLC, et al.
Case No:     14-11016 (___)
Caption:     Interim Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364 AND 507 (1) Authorizing Debtors
             to Incur Post-Petition Secured Indebtedness, (2) Authorizing Use of Cash Collateral, (3) Granting
             Liens and Providing Superpriority Administrative Expense Status, (4) Granting Adequate
             Protection, (5) Modifying Automatic Stay, and (6) Scheduling a Final Hearing

supplemented from time to time, the "**Prepetition Senior Credit Agreement**" and, together with

all related documents, guaranties and agreements, the "**Prepetition Senior Credit Documents**")

by and between the Debtors,  the Prepetition Senior Agent and the lenders from time to time

party thereto (collectively, the Prepetition Senior Agent and such lenders are referred to herein as

the "**Prepetition Senior Secured Parties**").

(ii)     *Prepetition Senior Secured Obligations*.   As of the Petition Date, the

outstanding  principal  amount  owed  by  the  Debtors  under  the  Prepetition  Senior  Credit

Documents  was  not  less  than  $14,505,558.91  in  respect  of  the  prepetition  revolving  credit

obligations (collectively, together with any amounts paid or incurred or accrued but unpaid, prior

to the Petition Date in accordance with the Prepetition Senior Credit Documents, including all

"Obligations"  related  to  the  prepetition  revolving  credit  obligations  as  described  in  the

Prepetition  Senior  Credit  Agreement,  the  "**Prepetition  Revolver  Obligations**")  and

$16,092,888.89 in respect of prepetition term loan obligations (collectively, together with any

amounts paid, or incurred or accrued but unpaid prior to the Petition Date in accordance with the

Prepetition Senior Credit Documents, including all "Obligations" related to the prepetition term

loan obligations as described in the Prepetition Senior Credit Agreement, the "**Prepetition Term**

**Loan Obligations**" and, together with the Prepetition Revolver Obligations, the "**Prepetition**

**Senior Secured Obligations**").   As  more  fully  set  forth  in  the  Prepetition  Senior  Credit

Documents, prior to the Petition Date, the Debtors granted first-priority security interests in and

liens (collectively, the "**Prepetition Senior Liens**") on substantially all of the property of the

Debtors (collectively, the "**Prepetition Collateral**") to the Prepetition Senior Agent on behalf of

Page:         7
Debtors:      Dots, LLC, et al.
Case No:      14-11016 (___)
Caption:      Interim Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364 AND 507 (1) Authorizing Debtors
              to Incur Post-Petition Secured Indebtedness, (2) Authorizing Use of Cash Collateral, (3) Granting
              Liens and Providing Superpriority Administrative Expense Status, (4) Granting Adequate
              Protection, (5) Modifying Automatic Stay, and (6) Scheduling a Final Hearing

the Prepetition Senior Secured Parties to secure repayment of the Prepetition Senior Secured Obligations.

(iii) *Prepetition Junior Credit Documents.* As of the Petition Date, the Debtors had outstanding secured debt to Irving Place Capital Partners III, L.P., Irving Place Capital III Feeder Fund, L.P. and Irving Place Capital Partners III Coinvestors, L.P. (collectively, the "**Prepetition Junior Secured Parties**" and, together with the Prepetition Senior Secured Parties, the "**Prepetition Secured Parties**") pursuant to that certain Amended and Restated Loan Agreement and that certain Subordinated Loan Agreement, each dated as of September 12, 2013 by and among the Debtors and the Prepetition Junior Secured Parties (together with all related documents, guaranties and agreements, the "**Prepetition Junior Credit Documents**" and, together with the Prepetition Senior Credit Documents, the "**Prepetition Credit Documents**") .

(iv) *Prepetition Junior Secured Obligations.* As of the Petition Date, the outstanding amount owed by the Debtors under the Prepetition Junior Credit Documents was not less than $17.1 million (together with any amounts paid or incurred or accrued but unpaid prior to the Petition Date in accordance with the Prepetition Junior Credit Documents, the "**Prepetition Junior Secured Obligations**"). As more fully set forth in the Prepetition Junior Credit Documents, prior to the Petition Date, the Debtors granted junior security interests in and liens (the "**Prepetition Junior Liens**" and, together with the Prepetition Senior Liens, the "**Prepetition Liens**") on the Prepetition Collateral to the Prepetition Junior Secured Creditors to secure payment of the Prepetition Junior Secured Obligations.

Page:        8
Debtors:     Dots, LLC, et al.
Case No:     14-11016 (___)
Caption:     Interim Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364 AND 507 (1) Authorizing Debtors
             to Incur Post-Petition Secured Indebtedness, (2) Authorizing Use of Cash Collateral, (3) Granting
             Liens and Providing Superpriority Administrative Expense Status, (4) Granting Adequate
             Protection, (5) Modifying Automatic Stay, and (6) Scheduling a Final Hearing

(v)     The Debtors, the Prepetition Senior Agent and the Prepetition Junior

Secured Parties are parties to that certain Subordination Agreement, dated as of September 12,

2013 (the "**Existing Intercreditor Agreement**"), which governs the relationship and relative

rights of, by, and among the Debtors and the Prepetition Secured Parties.

(vi)     *Validity, Perfection and Priority of Prepetition Liens and Obligations.*

The Debtors acknowledge and agree that:  (a) as of the Petition Date, the Prepetition Senior

Liens on the Prepetition Collateral are valid, binding, enforceable, non-avoidable and properly

perfected, (b) as of the Petition Date, the Prepetition Senior Liens have priority over any and all

other liens, if any, on the Prepetition Collateral, subject only to certain other liens otherwise

permitted by the Prepetition Senior Credit Documents (to the extent any such permitted liens

were valid, binding, enforceable, properly perfected, non-avoidable and senior in priority to the

Prepetition Senior Liens as of the Petition Date, the "**Prepetition Permitted Senior Liens**") and

otherwise had priority over any and all other liens on the Prepetition Collateral including,

without limitation, the Prepetition Junior Liens in accordance with the Existing Intercreditor

Agreement; (c) the Prepetition Senior Secured Obligations constitute legal, valid, binding, and

non-avoidable obligations of the Debtors; (d) as of the Petition Date, the Prepetition Junior Liens

were junior to the Prepetition Senior Liens and the Prepetition Permitted Senior Liens and to

certain other liens otherwise permitted by the Prepetition Junior Credit Documents (to the extent

any such liens were valid, binding, enforceable, properly perfected, non-avoidable and senior in

priority to the Prepetition Junior Liens as of the Petition Date, such liens, together with the

Page:          9
Debtors:     Dots, LLC, et al.
Case No:    14-11016 (___)
Caption:     Interim Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364 AND 507 (1) Authorizing Debtors
                 to Incur Post-Petition Secured Indebtedness, (2) Authorizing Use of Cash Collateral, (3) Granting
                 Liens and Providing Superpriority Administrative Expense Status, (4) Granting Adequate
                 Protection, (5) Modifying Automatic Stay, and (6) Scheduling a Final Hearing

Prepetition Permitted Senior Liens, the "**Prepetition Perfected Liens**");[3] (e) no offsets,

challenges, objections, defenses, claims or counterclaims of any kind or nature to any of the

Prepetition Senior Liens or the Prepetition Senior Secured Obligations exist, and no portion of

the Prepetition Senior Liens or the Prepetition Senior Secured Obligations is subject to any

challenge or defense, including, without limitation, avoidance, disallowance, disgorgement,

recharacterization, or subordination (whether equitable or otherwise) pursuant to the Bankruptcy

Code or applicable non-bankruptcy law; (f) the Debtors and their estates have no claims,

objections, challenges, causes of action, and/or choses in action, including without limitation,

avoidance claims under chapter 5 of the Bankruptcy Code, against any of the Prepetition Senior

Secured Parties or any of their affiliates, agents, attorneys, advisors, professionals, officers,

directors or employees arising out of, based upon or related to the Prepetition Senior Credit

Documents; (g) as of the Petition Date, the value of the Prepetition Collateral securing the

Prepetition Senior Secured Obligations exceeded the amount of those obligations, and,

accordingly, the Prepetition Senior Secured Obligations are allowed secured claims within the

meaning of section 506 of the Bankruptcy Code, in a principal amount of not less than

$30,598,447.80, together with accrued and unpaid interest and costs and expenses (including,

without limitation, attorneys' fees and related expenses); (h) as of the Petition Date, the

Prepetition Junior Liens on the Prepetition Collateral are valid, binding, enforceable, non-

---

[3]          For purposes of this Interim Order, Prepetition Perfected Liens shall include all liens that were valid,
senior, enforceable, nonavoidable, prior and perfected under applicable law as of the Petition Date.  Nothing herein
shall constitute a finding or ruling by this Court that any such Prepetition Perfected Liens are valid, senior,
enforceable, prior, perfected or non-avoidable.  Moreover, nothing shall prejudice the rights of any party in interest
including, but not limited, to the Debtors, the DIP Secured Parties, the Prepetition Secured Parties and any Statutory
Committee to challenge the validity, priority, enforceability, seniority, avoidability, perfection or extent of any such
Prepetition Perfected Lien and/or security interest.

Page:         10
Debtors:      Dots, LLC, et al.
Case No:      14-11016  (___)
Caption:      Interim Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364 AND 507 (1) Authorizing Debtors
              to Incur Post-Petition Secured Indebtedness, (2) Authorizing Use of Cash Collateral, (3) Granting
              Liens and Providing Superpriority Administrative Expense Status, (4) Granting Adequate
              Protection, (5) Modifying Automatic Stay, and (6) Scheduling a Final Hearing

avoidable and properly perfected; (h) the Prepetition Junior Secured Obligations constitute legal, valid, binding and non-avoidable obligations of the Debtors; (i) no offsets, challenges, objections, defenses, claims or counterclaims of any kind or nature to any of the Prepetition Junior Liens or the Prepetition Junior Secured Obligations exist, and no portion of the Prepetition Junior Liens or the Prepetition Junior Secured Obligations is subject to any challenge or defense, including, without limitation, avoidance, disallowance, disgorgement, recharacterization, or subordination (whether equitable or otherwise) pursuant to the Bankruptcy Code or applicable non-bankruptcy law; and (j) the Debtors and their estates have no claims, objections, challenges, causes of action, and/or choses in action, including, without limitation, avoidance claims under chapter 5 of the Bankruptcy Code, against any of the Prepetition Junior Secured Parties or any of their affiliates, agents, attorneys, advisors, professionals, officers, directors or employees arising out of or based upon or related to the Prepetition Junior Credit Documents.

(vii)    *Cash Collateral*.  The Debtors represent that all of the Debtors' cash, including the cash in their deposit accounts, wherever located, whether as original collateral or proceeds of other Prepetition Collateral, constitutes Cash Collateral and is Prepetition Collateral of the Prepetition Secured Parties.

Page:       11
Debtors:    Dots, LLC, et al.
Case No:    14-11016 (___)
Caption:    Interim Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364 AND 507 (1) Authorizing Debtors
            to Incur Post-Petition Secured Indebtedness, (2) Authorizing Use of Cash Collateral, (3) Granting
            Liens and Providing Superpriority Administrative Expense Status, (4) Granting Adequate
            Protection, (5) Modifying Automatic Stay, and (6) Scheduling a Final Hearing

F.    _Findings Regarding Post-Petition Financing and the Use of Cash Collateral_.

(i)    *Request for Post-Petition Financing*.  The Debtors seek authority to enter into the DIP Credit Agreement.  The DIP Lenders shall have no obligation to make loans or advances under the DIP Facility except to the extent required under the DIP Credit Agreement and this Interim Order.

(ii)    *Request for Use of Cash Collateral*.  The Debtors seek authority to use Cash Collateral on the terms described herein to administer their Cases and fund their operations.

(iii)    *Final Hearing.*  At the Final Hearing, the Debtors will seek final approval of the proposed postpetition financing arrangements and use of Cash Collateral pursuant to a proposed final order (the "**Final Order**"), which shall be in form and substance acceptable to the DIP Agent and, without expanding or altering the rights of the parties to the Existing Intercreditor Agreement,  the Prepetition Junior Secured Parties, but solely with respect to those provisions of such Final Order which directly affect the Prepetition Junior Secured Parties, the Prepetition Junior Secured Obligations or the Prepetition Junior Credit Documents.  Notice of the Final Hearing and Final Order will be provided in accordance with this Interim Order.

(iv)    *Priming of Prepetition Liens*.  The priming of the Prepetition Liens on the Prepetition Collateral by the DIP Liens will enable the Debtors to obtain the DIP Facility and to continue to operate their business for the benefit of their estates and creditors.  The Prepetition Secured Parties consent to such priming liens and are entitled to receive adequate protection of their respective interests in the Prepetition Senior Secured Obligations and the Prepetition Junior Secured Obligations as set forth herein.

Page:        12
Debtors:     Dots, LLC, et al.
Case No:     14-11016 (____)
Caption:     Interim Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364 AND 507 (1) Authorizing Debtors
             to Incur Post-Petition Secured Indebtedness, (2) Authorizing Use of Cash Collateral, (3) Granting
             Liens and Providing Superpriority Administrative Expense Status, (4) Granting Adequate
             Protection, (5) Modifying Automatic Stay, and (6) Scheduling a Final Hearing

(v)     *Need for Post-Petition Financing and Use of Cash Collateral.* The
Debtors' need to use Cash Collateral and to obtain credit as set forth in the DIP Credit
Agreement is immediate and critical in order to enable the Debtors to continue operations and to
administer and preserve the value of their estates. The ability of the Debtors to finance their
operations, maintain business relationships, pay employees, protect the value of their assets and
otherwise finance their operations requires the availability of working capital from the DIP
Facility and the use of Cash Collateral, the absence of either of which would immediately and
irreparably harm the Debtors, their estates, creditors and equity holders, and the possibility for a
successful reorganization. The Debtors do not have sufficient available sources of working
capital and financing to operate their business or to maintain their properties in the ordinary
course of business without the DIP Facility and authorized use of Cash Collateral.

(vi)    *No Credit Available on More Favorable Terms.* Given their current
financial condition, financing arrangements, and capital structure, the Debtors are unable to
obtain post-petition financing from sources other than the DIP Secured Parties on terms more
favorable than those set forth in the DIP Credit Documents. The Debtors have been unable to
obtain unsecured credit allowable under Bankruptcy Code section 503(b)(1) as an administrative
expense. The Debtors have also been unable to obtain credit: (a) having priority over that of
administrative expenses of the kind specified in sections 503(b), 507(a) and 507(b) of the
Bankruptcy Code; (b) secured by a lien on property of the Debtors and their estates that is not
otherwise subject to a lien; or (c) secured solely by a junior lien on property of the Debtors and
their estates that is subject to a lien. Financing on a post-petition basis is not otherwise available

-12-

Page:        13
Debtors:     Dots, LLC, et al.
Case No:     14-11016 (___)
Caption:     Interim Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364 AND 507 (1) Authorizing Debtors
             to Incur Post-Petition Secured Indebtedness, (2) Authorizing Use of Cash Collateral, (3) Granting
             Liens and Providing Superpriority Administrative Expense Status, (4) Granting Adequate
             Protection, (5) Modifying Automatic Stay, and (6) Scheduling a Final Hearing

without granting the DIP Agent, (1) perfected security interests in and liens on (each as provided herein) all of the Debtors' existing and after-acquired assets with the priorities set forth herein, (2) superpriority claims, and (3) the other protections set forth in this Order.

(vii)   *Use of Proceeds*.  As a condition to entry into the DIP Credit Agreement, the extensions of credit under the DIP Facility and the authorization to use Cash Collateral, the DIP Secured Parties require, and the Debtors have agreed, that proceeds of the DIP Facility and Cash Collateral shall be used in accordance with the terms of the DIP Credit Documents and the budget (a copy of which is attached as <u>Exhibit B</u> hereto, as the same may be modified from time to time in accordance with the DIP Credit Documents, and subject to such variances as may be permitted thereby and this Interim Order, the "**Budget**"), solely for (i) the payment of post-petition operating expenses and other working capital, (ii) the payment of certain transaction fees and expenses, (iii) permitted payment of costs of administration of the Cases, including professional fees, as applicable, (iv) repayment of the Prepetition Revolver Obligations and, subject to the entry of the Final Order and the terms of the DIP Credit Documents, the repayment of all remaining Prepetition Senior Secured Obligations (the "**Refinancing**"); and (v) otherwise in accordance with the DIP Credit Documents.

G.     *Adequate Protection*.  (a)  The Prepetition Senior Agent is entitled to and shall receive, on behalf of the Prepetition Senior Secured Parties adequate protection in the form of (I) ongoing payment of interest, fees and other amounts due under the Prepetition Senior Credit Documents, (II) ongoing payment of the reasonable fees, costs and expenses, including without limitation, the fees and expenses of the legal and other professionals, of the Prepetition Senior

Page:        14
Debtors:     Dots, LLC, et al.
Case No:     14-11016 (___)
Caption:     Interim Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364 AND 507 (1) Authorizing Debtors
             to Incur Post-Petition Secured Indebtedness, (2) Authorizing Use of Cash Collateral, (3) Granting
             Liens and Providing Superpriority Administrative Expense Status, (4) Granting Adequate
             Protection, (5) Modifying Automatic Stay, and (6) Scheduling a Final Hearing

Secured Parties under the Prepetition Senior Credit Documents, (III) subject to the priorities set

forth in paragraphs 13 and 14 below, the Senior Adequate Protection Lien and the Senior

Adequate Protection Superpriority Claim (each as defined herein), and (IV) the establishment

and funding of the Indemnity Account (defined below).

(b)      The Prepetition Junior Secured Creditors are entitled to and shall

receive adequate protection in the form of, subject to the priorities set forth in paragraphs 13 and

14 below, the Junior Adequate Protection Lien (defined below) and the Junior Adequate

Protection Superpriority Claim.    As further adequate protection, the Debtors are hereby

authorized to provide adequate protection to the Prepetition Junior Secured Parties in the form of

ongoing payment of reasonable legal and other professional fees, costs and expenses in

accordance with the Budget and not to exceed $175,000 in the aggregate during the first 16 week

period from the Closing Date and, thereafter, in accordance with the Budget.

H.      *Sections 506(c) and 552(b)*.   In light of (i) the agreement of the DIP Secured

Parties and the Prepetition Secured Parties to subordinate their liens and superpriority claims, as

applicable, to the Carve Out, and (ii) the Prepetition Secured Parties' agreement to consent to the

use of Cash Collateral and to subordinate their Adequate Protection Superpriority Claims and

Adequate Protection Liens to the Carve Out, the DIP Liens and the DIP Superpriority Claim, the

DIP Secured Parties and the Prepetition Secured Parties are, upon the entry of the Final Order,

entitled to a waiver of (a) the provisions of section 506(c) of the Bankruptcy Code, and (b) any

"equities of the case" claims under section 552(b) of the Bankruptcy Code.

I.      *Good Faith of the DIP Secured Parties*.

Page:        15
Debtors:     Dots, LLC, et al.
Case No:     14-11016  (___)
Caption:     Interim Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364 AND 507 (1) Authorizing Debtors
             to Incur Post-Petition Secured Indebtedness, (2) Authorizing Use of Cash Collateral, (3) Granting
             Liens and Providing Superpriority Administrative Expense Status, (4) Granting Adequate
             Protection, (5) Modifying Automatic Stay, and (6) Scheduling a Final Hearing

(i)      *Willingness to Provide Financing*.  The DIP Secured Parties have indicated a willingness to provide financing to the Debtors subject to the entry of this Interim Order, including findings that such financing is essential to the Debtors' estates, that the DIP Secured Parties are extending credit to the Debtors as set forth in the DIP Credit Agreement in good faith, and that the DIP Secured Parties' claims, superpriority claims, security interests, liens, rights, and other protections will have the protections provided in section 364(e) of the Bankruptcy Code and will not be affected by any subsequent reversal, modification, vacatur, amendment, reargument or reconsideration of this Interim Order or any other order.

(ii)     *Business Judgment and Good Faith Pursuant to Section 364(e)*.  The terms and conditions of the DIP Facility and the DIP Credit Documents are fair, reasonable, and the best available to the Debtors under the circumstances, reflect the Debtors' exercise of prudent business judgment consistent with their fiduciary duties, and are supported by reasonably equivalent value and consideration.  The DIP Credit Documents, the DIP Facility and the provisions regarding the use of Cash Collateral were negotiated in good faith and at arms' length among the Debtors and the DIP Secured Parties.  Use of Cash Collateral and any credit to be extended as set forth in the DIP Credit Documents shall be deemed to have been so allowed, advanced, made, used or extended in good faith, and for valid business purposes and uses, within the meaning of section 364(e) of the Bankruptcy Code, and the DIP Secured Parties are therefore entitled to the protection and benefits of section 364(e) of the Bankruptcy Code and this Interim Order.

Page:        16
Debtors:     Dots, LLC, et al.
Case No:     14-11016 (___)
Caption:     Interim Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364 AND 507 (1) Authorizing Debtors
             to Incur Post-Petition Secured Indebtedness, (2) Authorizing Use of Cash Collateral, (3) Granting
             Liens and Providing Superpriority Administrative Expense Status, (4) Granting Adequate
             Protection, (5) Modifying Automatic Stay, and (6) Scheduling a Final Hearing

J.      _Notice_.  Notice of the Interim Hearing and the emergency relief requested in the

Motion has been provided by the Debtors, whether by facsimile, email, overnight courier or hand

delivery, to certain parties in interest, including:  (i) the U.S. Trustee; (ii) the Securities and

Exchange Commission; (iii) the Internal Revenue Service; (iv) the parties included on the

Debtors' list of thirty (30) largest unsecured creditors; (v) counsel to the Prepetition Senior

Agent; (vi) counsel to the DIP Agent; and (vii) counsel to the Prepetition Junior Secured

Creditors.  The parties have made reasonable efforts to afford the best notice possible under the

circumstances and such notice is good and sufficient to permit the interim relief set forth in this

Interim Order, and no other or further notice is or shall be required.

Based upon the foregoing findings and conclusions, the Motion and the record before the

Court with respect to the Motion, and good and sufficient cause appearing therefor,

IT IS HEREBY ORDERED that:

1.      DIP Credit Agreement Approved.  The DIP Motion is granted, and the Interim

Financing (as defined herein) is authorized and approved.

2.      Use of Cash Collateral Approved.  The Debtors' use of Cash Collateral on an

interim basis is authorized, subject to the terms and conditions set forth in this Interim Order.

3.      Objections Overruled.  All objections to the Motion to the extent not withdrawn

or resolved are hereby overruled.

**DIP Facility Authorization**

4.      Authorization of the DIP Credit Documents.  The DIP Credit Documents are

approved and the Debtors are immediately authorized, empowered and directed to execute and

Page:        17
Debtors:     Dots, LLC, et al.
Case No:     14-11016  (___)
Caption:     Interim Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364 AND 507 (1) Authorizing Debtors
             to Incur Post-Petition Secured Indebtedness, (2) Authorizing Use of Cash Collateral, (3) Granting
             Liens and Providing Superpriority Administrative Expense Status, (4) Granting Adequate
             Protection, (5) Modifying Automatic Stay, and (6) Scheduling a Final Hearing

deliver the DIP Credit Documents, to incur and to perform all DIP Obligations thereunder, and to

deliver all instruments and documents that may be necessary or required for performance by the

Debtors under the DIP Credit Agreement and the creation and perfection of the DIP Liens

described in and provided for by this Interim Order and the DIP Credit Documents.  The Debtors

are hereby authorized to pay, in accordance with this Interim Order, the principal, interest, fees,

expenses and other amounts described in the DIP Credit Documents as such become due and

without need to obtain further Court approval, including, without limitation, origination fees,

collateral monitoring fees, commitment fees, maintenance fees, success fees, letter of credit fees,

and the fees and disbursements of the DIP Secured Parties' attorneys, advisers, accountants and

other consultants.  All fees shall be fully earned upon entry of this Interim Order and payable in

accordance with the DIP Credit Documents.   All collections and proceeds, whether from

ordinary course collections, asset sales, debt issuance, insurance recoveries, condemnations or

otherwise, will be deposited and applied as required by the DIP Credit Documents.   Upon

execution and delivery, the DIP Credit Documents shall represent valid and binding obligations

of the Debtors, enforceable against the Debtors and their estates in accordance with their terms.

        5.    <u>Authorization to Borrow</u>.  Until the Termination Date (as defined in the DIP

Credit Agreement) and subject to the terms, conditions, limitations on availability and reserves

set forth in the DIP Credit Documents, the DIP Facility, and this Interim Order, and in order to

prevent immediate and irreparable harm to the Debtors' estates, the Debtors are hereby

authorized to request extensions of credit up to an aggregate principal amount of $20,000,000

(collectively, the "**<u>Interim Financing</u>**").

Page:        18
Debtors:     Dots, LLC, et al.
Case No:     14-11016 (___)
Caption:     Interim Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364 AND 507 (1) Authorizing Debtors
             to Incur Post-Petition Secured Indebtedness, (2) Authorizing Use of Cash Collateral, (3) Granting
             Liens and Providing Superpriority Administrative Expense Status, (4) Granting Adequate
             Protection, (5) Modifying Automatic Stay, and (6) Scheduling a Final Hearing

6.      **DIP Obligations**.    The DIP Credit Documents and this Interim Order shall constitute and evidence the validity and binding effect of the DIP Obligations of the Debtors, which DIP Obligations shall be enforceable against the Debtors, their estates and any successors thereto, including, without limitation, any trustee or other estate representative appointed in the Cases or any case under chapter 7 of the Bankruptcy Code upon the conversion of any of the Cases (a "**Successor Case**").  The DIP Obligations include all loans and any other indebtedness or obligations, contingent or absolute, which may from time to time be owing by the Debtors to the DIP Secured Parties under the DIP Credit Documents, including without limitation all principal, interest, costs, fees, expenses and other amounts owed pursuant to the DIP Credit Documents.

7.      **DIP Liens and Collateral**.

(a)      Effective immediately upon entry of this Interim Order, pursuant to sections 364(c)(2), 364(c)(3) and 364(d) of the Bankruptcy Code, the DIP Agent is hereby granted, as collateral agent for the DIP Secured Parties, continuing valid, binding, enforceable, non-avoidable, priming and automatically and properly perfected post-petition security interests in and liens (collectively, the "**DIP Liens**") on any and all property owned and hereafter acquired assets and real and personal property of the Debtors, including, without limitation, the following (the "**DIP Collateral**"):

(i)      all Accounts[4];

---

[4]  All defined terms in the description of DIP Collateral shall have the meanings ascribed thereto in the DIP Credit Documents.  All terms not specifically defined in the DIP Credit Documents shall have the meanings ascribed to such terms in Article 8 or 9 of the Uniform Commercial Code.

Page:        19
Debtors:     Dots, LLC, et al.
Case No:     14-11016 (___)
Caption:     Interim Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364 AND 507 (1) Authorizing Debtors
             to Incur Post-Petition Secured Indebtedness, (2) Authorizing Use of Cash Collateral, (3) Granting
             Liens and Providing Superpriority Administrative Expense Status, (4) Granting Adequate
             Protection, (5) Modifying Automatic Stay, and (6) Scheduling a Final Hearing

(ii)     all Documents (including, if applicable, electronic documents), Instruments and Chattel Paper (whether tangible or intangible);

(iii)     all General Intangibles (including, without limitation, all Payment Intangibles, software, and Intellectual Property Collateral);

(iv)     all Goods (including, without limitation Inventory, Equipment and Fixtures);

(v)     all Investment Property, Securities Collateral, Securities Accounts, Securities and other equity interests of any type or nature whatsoever;

(vi)     all Deposit Accounts and all other bank accounts and all deposits therein;

(vii)     all money, cash and cash equivalents;

(viii)     all credit balances, deposits and other property now or hereafter held or received by or in transit to the Prepetition Secured Parties or at any other depository or other institution from or for the account of the Debtors, whether for safekeeping, pledge, custody, transmission, collection or otherwise;

(ix)     all Supporting Obligations, Letters of Credit (whether or not any such Letter of Credit is in writing), and Letter of Credit Rights (whether or not any such Letter of Credit is in writing) of the Debtors;

(x)     all Commercial Tort Claims;

(xi)     all corporate claims including claims for breach of fiduciary duty, negligence and other claims for tortious actions;

Page:       20
Debtors:    Dots, LLC, et al.
Case No:    14-11016 (___)
Caption:    Interim Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364 AND 507 (1) Authorizing Debtors
to Incur Post-Petition Secured Indebtedness, (2) Authorizing Use of Cash Collateral, (3) Granting
Liens and Providing Superpriority Administrative Expense Status, (4) Granting Adequate
Protection, (5) Modifying Automatic Stay, and (6) Scheduling a Final Hearing

      (xii)    all owned real property, leases, leaseholds, and all proceeds of leases of real property;[5]

      (xiii)    effective upon the entry of the Final Order, all claims or causes of action or the proceeds thereof to avoid a transfer of property (or an interest in property) or an obligation incurred by the Debtors pursuant to any applicable section of the Bankruptcy Code, including, without limitation, chapter 5 and section 724(a) of the Bankruptcy Code (the "**Avoidance Actions**");

      (xiv)    effective upon the entry of the Final Order, the Debtors' rights under section 506(c) of the Bankruptcy Code and the proceeds thereof;

      (xv)    to the extent not otherwise described above, all receivables and all present and future claims, rights, interests, assets and properties recovered by or on behalf of the Debtors;

      (xvi)    all books, records, and information relating to any of the DIP Collateral and/or to the operation of the Debtors' business, and all rights of access to such books, records, and information, and all property in which such books, records and information are stored, recorded and maintained; and

      (xvii)    to the extent not otherwise included, all other property of the Debtors, whether tangible or intangible, all Proceeds, tort claims, insurance claims, contract rights, rights to the payment of money, and other rights to payment not otherwise included in the foregoing

---

[5]  For the avoidance of doubt, the DIP Liens and the Adequate Protection Liens extend only to the proceeds of leased real property and are not direct liens on the Debtors' leases of real property unless such liens are permitted pursuant to the underlying lease documents.

Page:          21
Debtors:       Dots, LLC, et al.
Case No:       14-11016 (___)
Caption:       Interim Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364 AND 507 (1) Authorizing Debtors
               to Incur Post-Petition Secured Indebtedness, (2) Authorizing Use of Cash Collateral, (3) Granting
               Liens and Providing Superpriority Administrative Expense Status, (4) Granting Adequate
               Protection, (5) Modifying Automatic Stay, and (6) Scheduling a Final Hearing

and products of the foregoing and all accessions to, substitutions and replacements for, and rents and profits of, each of the foregoing and any and all proceeds of any insurance, indemnity, warranty or guaranty payable to any Debtor from time to time with respect to any of the foregoing.

(b)     Upon indefeasible and irrevocable repayment of the Prepetition Senior Secured Obligations, the Prepetition Senior Liens shall be deemed continuing liens for the benefit of and deemed assigned to the DIP Agent for the benefit of the DIP Secured Parties to secure the DIP Obligations. All of the following related to the Prepetition Senior Liens remain in full force and effect and shall remain in full force and effect and shall inure to the benefit of the DIP Agent for the benefit of the DIP Secured Parties and the Prepetition Senior Secured Parties: any blocked account agreements, deposit account agreements, securities account agreements, credit card acknowledgments or notifications, credit card agreements, landlord agreements, collateral access agreements, warehouse agreements, bailee agreements, customs broker agreements, carrier, consolidator or freight forwarder agreements or filings with the United States Patent and Trademark Office or the Library of Congress with respect to the recordation of an interest in intellectual property that were issued or filed by the Prepetition Senior Secured Parties on any Debtor's assets (real or personal) in connection with the Prepetition Senior Secured Obligations.  Any liens, claims or interests subordinated to the Prepetition Senior Liens as of the Petition Date shall likewise be deemed subordinate to the DIP Liens.

Page:        22
Debtors:     Dots, LLC, et al.
Case No:     14-11016 (___)
Caption:     Interim Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364 AND 507 (1) Authorizing Debtors
             to Incur Post-Petition Secured Indebtedness, (2) Authorizing Use of Cash Collateral, (3) Granting
             Liens and Providing Superpriority Administrative Expense Status, (4) Granting Adequate
             Protection, (5) Modifying Automatic Stay, and (6) Scheduling a Final Hearing

8.    <u>DIP Lien Priority</u>.

(a)    *DIP Liens*.  The DIP Liens shall be junior only to the (i) Carve Out, and (ii) the Prepetition Perfected Liens, and shall otherwise be senior in priority and superior to the Prepetition Liens, the Adequate Protection Liens, and Adequate Protection Superpriority Claims (each as defined herein) and any other security, mortgage, collateral interest, lien or claim on or to any of the DIP Collateral.

(b)    *Treatment of DIP Liens*.  Other than as set forth herein, the DIP Liens shall not be made subject to or *pari passu* with any lien or security interest heretofore or hereafter granted in the Cases or any Successor Case.  The DIP Liens shall be valid and enforceable against any trustee or other estate representative appointed in the Cases or any Successor Case, upon the conversion of any of the Cases to a case under chapter 7 of the Bankruptcy Code (or in any other Successor Case), and/or upon the dismissal of any of the Cases or any Successor Case.  The DIP Liens shall not be subject to challenge under sections 510, 549, or 550 of the Bankruptcy Code.  No lien or interest avoided and preserved for the benefit of the Debtors' estates pursuant to section 551 of the Bankruptcy Code shall be *pari passu* with or senior to the DIP Liens.

9.    <u>DIP Superpriority Claim</u>.

(a)    *Superpriority Claim of DIP Secured Parties*.  The DIP Secured Parties are hereby granted, pursuant to section 364(c)(1) of the Bankruptcy Code, an allowed superpriority administrative expense claim in the Cases and any Successor Case (collectively, the "**<u>DIP Superpriority Claim</u>**") for all DIP Obligations.  The DIP Superpriority Claim shall be

Page:        23
Debtors:     Dots, LLC, et al.
Case No:     14-11016 (___)
Caption:     Interim Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364 AND 507 (1) Authorizing Debtors
             to Incur Post-Petition Secured Indebtedness, (2) Authorizing Use of Cash Collateral, (3) Granting
             Liens and Providing Superpriority Administrative Expense Status, (4) Granting Adequate
             Protection, (5) Modifying Automatic Stay, and (6) Scheduling a Final Hearing

subordinate only to the Carve Out, and shall otherwise have priority over any and all

administrative expenses of the kinds specified in or ordered pursuant to Bankruptcy Code

sections 503(b) and 507(b), as provided under section 364(c)(1) of the Bankruptcy Code.

(b)      *Priority of DIP Superpriority Claim.* The DIP Superpriority Claim shall be

payable from and have recourse to all pre- and post-petition property of the Debtors and all

proceeds thereof, subject only to the payment in full in cash of the Carve Out.  If necessary, upon

entry of the Final Order, the DIP Superpriority Claim shall be payable from or have recourse to

Avoidance Actions.

10.     No Obligation to Extend Credit.  The DIP Secured Parties shall have no

obligation to make loans or advances under the DIP Facility until the conditions precedent to the

making of such extension of credit under the DIP Credit Documents have been satisfied in full.

11.     Use of DIP Facility Proceeds. From and after the Petition Date, the Debtors shall

use extensions of credit under the DIP Facility only for the purposes specifically set forth in this

Interim Order, the DIP Credit Documents and in compliance with the Budget, subject to the

permitted variances set forth in the DIP Credit Documents.  The Debtors are authorized to use

proceeds of the DIP Collateral and the Prepetition Collateral to repay the outstanding Prepetition

Revolver Obligations and, subject to the entry of the Final Order and the satisfaction of the

conditions set forth in the DIP Credit Documents, to draw upon the DIP Facility to pay all

remaining outstanding Prepetition Senior Secured Obligations under the Prepetition Senior

Credit Documents (including, without limitation, accrued and unpaid interest, fees, expenses and

disbursements), and any amounts owing under the Prepetition Senior Credit Documents which

Page:        24
Debtors:     Dots, LLC, et al.
Case No:     14-11016 (___)
Caption:     Interim Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364 AND 507 (1) Authorizing Debtors
             to Incur Post-Petition Secured Indebtedness, (2) Authorizing Use of Cash Collateral, (3) Granting
             Liens and Providing Superpriority Administrative Expense Status, (4) Granting Adequate
             Protection, (5) Modifying Automatic Stay, and (6) Scheduling a Final Hearing

are contingent and unliquidated and subsequently become liquidated. The Refinancing of the

Prepetition Senior Secured Obligations shall be subject to the reservation of rights of parties in

interest in paragraph 31 of this Order, and upon expiration of the Challenge Period (defined

below) without a Challenge (defined below) having been brought, or the final resolution of a

Challenge brought in compliance with the provisions of this Order (where such Challenge did

not have the effect of successfully impairing any of the Prepetition Senior Secured Obligations),

the Debtors' Refinancing of the Prepetition Senior Secured Obligations shall be deemed to be

indefeasible, final and not subject to Challenge.

**Authorization to Use Cash Collateral**

12.    <u>Authorization to Use Cash Collateral</u>.  Subject to the terms and conditions of this

Interim Order, the DIP Credit Documents and the Budget, the Debtors are authorized to use Cash

Collateral, on an interim basis, until the Termination Date; <u>provided</u>, <u>however</u>, that during the

Remedies Notice Period (as defined herein) the Debtors may use Cash Collateral in accordance

with the terms and provisions of the Budget solely (a) to pay current payroll, including current

payroll taxes, withholdings, and other amounts related thereto when due; (b) to pay when due all

other accrued sales and other "trust fund" taxes; (c) prior to delivery of the Carve Out Trigger

Notice (as defined below), to make payments from the Professional Fee Escrow of Periodic

Compensation Fees, (d) following delivery of the Carve Out Trigger Notice, to make payments

from the Professional Fee Escrow of Periodic Compensation Fees and to pay Accrued

Professional Fees (as defined below) in accordance with the Carve Out (defined below); and (d)

to pay, as agreed to by the DIP Agent in its sole discretion, other accrued expenses critical to the

Page:       25
Debtors:    Dots, LLC, et al.
Case No:    14-11016 (___)
Caption:    Interim Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364 AND 507 (1) Authorizing Debtors
            to Incur Post-Petition Secured Indebtedness, (2) Authorizing Use of Cash Collateral, (3) Granting
            Liens and Providing Superpriority Administrative Expense Status, (4) Granting Adequate
            Protection, (5) Modifying Automatic Stay, and (6) Scheduling a Final Hearing

preservation of the Debtors and their estates.      Nothing in this Interim Order shall authorize the

disposition of any assets of the Debtors or their estates outside the ordinary course of business

(which shall be subject to further orders of the Court), or the Debtors' use of any Cash Collateral

or other proceeds resulting therefrom, except as permitted in this Interim Order, the DIP Credit

Documents and in accordance with the Budget.

13. <u>Adequate Protection Liens</u>.

(a)     *Prepetition Senior Secured Parties – Senior Adequate Protection Lien*.

Pursuant to sections 361, 363(e) and 364(d) of the Bankruptcy Code, as adequate protection of

the interests of the Prepetition Senior Secured Parties in the Prepetition Collateral against any

diminution in value resulting from the Debtors' use, sale or lease (or other decline in value) of

such collateral, the imposition of the automatic stay, the priming of the Prepetition Liens and the

subordination to the Carve Out (collectively, "**Diminution in Value**"), the Debtors hereby grant

to the Prepetition Senior Agent on behalf of the Prepetition Senior Secured Parties a valid and

perfected replacement and additional security interest in, and lien on (the "**Senior Adequate**

**Protection Lien**") any and all DIP Collateral.  The Senior Adequate Protection Lien is and shall

be valid, binding, enforceable and fully perfected as of the date hereof and subordinate and

subject only to (i) the DIP Liens, (ii) the Prepetition Perfected Liens and (iii) the Carve Out.

(b)     *Prepetition Junior Secured Parties - Junior Adequate Protection Lien*.

Pursuant to sections 361, 363(e) and 364(d) of the Bankruptcy Code, as adequate protection of

the interests of the Prepetition Junior Secured Parties in the Prepetition Collateral against any

Diminution in Value, the Debtors hereby grant to the Prepetition Junior Secured Parties a valid

Page:        26
Debtors:     Dots, LLC, et al.
Case No:     14-11016 (___)
Caption:     Interim Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364 AND 507 (1) Authorizing Debtors
             to Incur Post-Petition Secured Indebtedness, (2) Authorizing Use of Cash Collateral, (3) Granting
             Liens and Providing Superpriority Administrative Expense Status, (4) Granting Adequate
             Protection, (5) Modifying Automatic Stay, and (6) Scheduling a Final Hearing

and perfected replacement and additional security interest in, and lien on (the "**Junior Adequate Protection Lien**" and, together with the Senior Adequate Protection Lien, the "**Adequate Protection Liens**") any and all DIP Collateral. The Junior Adequate Protection Lien is and shall be valid, binding, enforceable and fully perfected as of the date hereof and subordinate and subject only to (i) the DIP Liens, (ii) the Prepetition Perfected Liens, (iii) the Carve Out, (iv) the Senior Adequate Protection Liens, and (v) the Prepetition Senior Liens.

(c) *Treatment of Adequate Protection Liens.* Other than as set forth herein, the Adequate Protection Liens shall not be made subject to or *pari passu* with any lien or security interest heretofore or hereinafter granted in the Cases or any Successor Case. The Adequate Protection Liens shall be valid and enforceable against any trustee or other estate representative appointed in the Cases or any Successor Case, upon the conversion of any of the Cases to a case under chapter 7 of the Bankruptcy Code (or in any other Successor Case), and/or upon the dismissal of any of the Cases or any Successor Case.

14.      Adequate Protection Superpriority Claim.

(a) *Superpriority Claim of Prepetition Senior Agent.* As further adequate protection of the interests of the Prepetition Senior Secured Parties, the Prepetition Senior Secured Parties are each hereby granted an allowed administrative claim against the Debtors' estates under section 503(b) of the Bankruptcy Code with superpriority pursuant to section 507(b) of the Bankruptcy Code (the "**Senior Adequate Protection Superpriority Claim**") to the extent of any Diminution in the Value of the Prepetition Senior Secured Parties' interests in the Prepetition Collateral.

Page:        27
Debtors:     Dots, LLC, et al.
Case No:     14-11016 (___)
Caption:     Interim Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364 AND 507 (1) Authorizing Debtors
             to Incur Post-Petition Secured Indebtedness, (2) Authorizing Use of Cash Collateral, (3) Granting
             Liens and Providing Superpriority Administrative Expense Status, (4) Granting Adequate
             Protection, (5) Modifying Automatic Stay, and (6) Scheduling a Final Hearing

(b)      *Priority of Senior Adequate Protection Superpriority Claim.*  Except as set

forth herein, the Senior Adequate Protection Superpriority Claim shall have priority over all

administrative expense claims and unsecured claims against the Debtors or their estates, now

existing or hereafter arising, of any kind or nature whatsoever, including, without limitation,

administrative expenses of the kinds specified in or ordered pursuant to sections 105, 326, 328,

330, 331, 365, 503(a), 507(a), 546(c), 546(d), 726 (to the extent permitted by law), 1113 and

1114 of the Bankruptcy Code; provided, however, that the Senior Adequate Protection

Superpriority Claim shall be junior to (i) the DIP Superpriority Claim and (ii) the Carve Out.

(c)      *Superpriority Claim of Prepetition Junior Secured Parties.*  As further

adequate protection of the interests of the Prepetition Junior Secured Parties, the Prepetition

Junior Secured Parties are each hereby granted or allowed administrative claim against the

Debtors' estates under section 503(b) of the Bankruptcy Code with Superpriority pursuant to

section 507(b) of the Bankruptcy Code (the "**Junior Adequate Protection Superpriority**

**Claim**" and, together with the Senior Adequate Protection Superpriority Claim, the "**Adequate**

**Protection Superpriority Claims**") to the extent of any Diminution in the Value of the

Prepetition Junior Secured Parties' interests in the Prepetition Collateral.

(d)      *Priority of Junior Adequate Protection Superpriority Claim.*  Except as set

forth herein, the Junior Adequate Protection Superpriority Claim shall have priority over all

administrative expense claims and unsecured claims against the Debtors or their estates, now

existing or hereafter arising, of any kind or nature whatsoever, including, without limitation,

administrative expenses of the kinds specified in or ordered pursuant to sections 105, 326, 330,

Page:        28
Debtors:     Dots, LLC, et al.
Case No:     14-11016 (___)
Caption:     Interim Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364 AND 507 (1) Authorizing Debtors
             to Incur Post-Petition Secured Indebtedness, (2) Authorizing Use of Cash Collateral, (3) Granting
             Liens and Providing Superpriority Administrative Expense Status, (4) Granting Adequate
             Protection, (5) Modifying Automatic Stay, and (6) Scheduling a Final Hearing

331, 365, 503(a), 507(a), 546(c), 546(d), 726 (to the extent permitted by law), 1113 and 1114 of

the Bankruptcy Code; provided, however, that the Junior Adequate Protection Superpriority

Claim shall be junior to (i) the DIP Superpriority Claim, (ii) the Carve Out, (iii) the Senior

Adequate Protection Superpriority Claim, and (iv) the Prepetition Senior Secured Obligations.

**Provisions Common to DIP Financing and Use of Cash Collateral Authorizations**

15.    Amendments.    The DIP Credit Documents may from time to time be amended,

modified or supplemented by the parties thereto without notice or a hearing upon five (5) days'

notice to the Statutory Committee, the U.S. Trustee, the Prepetition Junior Secured Parties and

all parties requesting notice in the Cases if: (i) in the judgment of the Debtors and the DIP Agent,

the amendment, modification, or supplement (I) is in accordance with the DIP Credit

Documents, (II) is beneficial to the Debtors, (III) is not prejudicial in any material respect to the

rights of third parties, and (IV) has been consented to by the DIP Agent, (ii) a copy (which may

be provided through electronic mail or facsimile) of the amendment, modification or supplement

is provided to counsel for the Statutory Committee, the U.S. Trustee, (iii) the amendment,

modification or supplement is filed with the Court, and (iv) the amendment, modification or

supplement does not materially modify the DIP Credit Documents.    Except as otherwise

provided herein, no waiver, modification, or amendment of any of the provisions of the DIP

Credit Agreement shall be effective unless set forth in writing, signed on behalf of the Debtors

and the DIP Agent and approved by the Court on notice.

16.    Indemnity Account.    Simultaneously with the Refinancing, the Debtors shall

establish an account in the control of the Prepetition Senior Agent (the "**Indemnity Account**"),

Page:        29
Debtors:     Dots, LLC, et al.
Case No:     14-11016 (___)
Caption:     Interim Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364 AND 507 (1) Authorizing Debtors
             to Incur Post-Petition Secured Indebtedness, (2) Authorizing Use of Cash Collateral, (3) Granting
             Liens and Providing Superpriority Administrative Expense Status, (4) Granting Adequate
             Protection, (5) Modifying Automatic Stay, and (6) Scheduling a Final Hearing

into which $200,000 shall be deposited as additional security for any reimbursement,
indemnification or similar continuing obligations of the Debtors in favor of the Prepetition
Senior Secured Parties under the Prepetition Senior Credit Documents (the "**Prepetition
Indemnity Obligations**"); <u>provided</u>, <u>however</u>, that the Indemnity Account shall terminate and
all remaining amounts held therein shall be released to the Debtors (and shall be applied in
accordance with this Interim Order and the DIP Credit Documents) upon the Challenge Period
Termination Date (as defined herein) if, as of such date, no party has sought to file or assert an
adversary proceeding, cause of action, objection, claim, defense or other challenge as
contemplated in paragraph 31 herein.  The Prepetition Senior Secured Parties are hereby granted
a first priority lien on the Indemnity Account to secure the Prepetition Indemnity Obligations and
other Prepetition Senior Secured Obligations, and the Indemnity Account shall be subject to a
second priority lien in favor of the DIP Secured Parties as security for the DIP Obligations.  If
the amounts on deposit in the Indemnity Account are insufficient to pay all Prepetition Indemnity
Obligations, the Prepetition Senior Agent reserves the right to recover any deficiency from the
Debtors or their estates therefor and shall retain all rights under the Prepetition Senior Liens and
any other adequate protections granted hereunder as security for such deficiency.

17.    <u>Budget Maintenance</u>.  The Budget and any modification to, or amendment or
update of, the Budget shall be in form and substance reasonably acceptable to the DIP Agent and
approved by the DIP Agent in its sole discretion.  The Budget may be amended or modified in
writing from time to time only with the written consent of the DIP Agent, in its sole discretion.
The Debtors shall update the Budget from time to time (provided that any update shall be in form

Page:       30
Debtors:    Dots, LLC, et al.
Case No:    14-11016 (____)
Caption:    Interim Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364 AND 507 (1) Authorizing Debtors
            to Incur Post-Petition Secured Indebtedness, (2) Authorizing Use of Cash Collateral, (3) Granting
            Liens and Providing Superpriority Administrative Expense Status, (4) Granting Adequate
            Protection, (5) Modifying Automatic Stay, and (6) Scheduling a Final Hearing

and substance acceptable to the DIP Agent, in its sole discretion) as required under the DIP

Credit Agreement, and shall provide such Budget updates to the DIP Agent on a weekly basis in

accordance with the DIP Credit Documents.

18.     <u>Modification of Automatic Stay</u>.  The automatic stay imposed under Bankruptcy

Code section 362(a) is hereby modified as necessary to effectuate all of the terms and provisions

of this Interim Order, including, without limitation, to (a) permit the Debtors to grant the DIP

Liens, the DIP Superpriority Claim, the Adequate Protection Liens and the Adequate Protection

Superpriority Claims, and (b) authorize the Debtors to pay, and the DIP Secured Parties and the

Prepetition Senior Secured Parties to retain and apply, payments made in accordance with this

Interim Order.

19.     <u>Automatic Perfection of DIP Liens and Adequate Protection Liens</u>.  This Interim

Order shall be sufficient and conclusive evidence of the validity, perfection, and priority of all

liens granted herein, including the DIP Liens and the Adequate Protection Liens, without the

necessity of filing or recording any financing statement, mortgage, notice, or other instrument or

document that may otherwise be required under the law or regulation of any jurisdiction or the

taking of any other action (including, for the avoidance of doubt, entering into any deposit

account control agreement, customs broker agreement or freight forwarding agreement) to

validate or perfect (in accordance with applicable non-bankruptcy law) the DIP Liens and the

Adequate Protection Liens, or to entitle the DIP Secured Parties or the Prepetition Secured

Parties to the priorities granted herein.  Notwithstanding the foregoing, the DIP Agent and the

Prepetition Secured Parties each are authorized to file, as each deems necessary, any financing

Page:          31
Debtors:       Dots, LLC, et al.
Case No:       14-11016 (___)
Caption:       Interim Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364 AND 507 (1) Authorizing Debtors
               to Incur Post-Petition Secured Indebtedness, (2) Authorizing Use of Cash Collateral, (3) Granting
               Liens and Providing Superpriority Administrative Expense Status, (4) Granting Adequate
               Protection, (5) Modifying Automatic Stay, and (6) Scheduling a Final Hearing

statements, mortgages, notices of liens and other similar documents to perfect in accordance with

applicable non-bankruptcy law or to otherwise evidence any of the DIP Liens or the Adequate

Protection Liens, and all such financing statements, mortgages, notices and other documents

shall be deemed to have been filed or recorded as of the Petition Date; provided, however, that

no such filings or recordation shall be necessary or required in order to create or perfect the DIP

Liens or the Adequate Protection Liens.   The Debtors are authorized to execute and deliver

promptly upon demand to the DIP Agent or the Prepetition Secured Parties all such financing

statements, mortgages, control agreements, notices and other documents as the DIP Agent or the

Prepetition Secured Parties may reasonably request.   The DIP Agent and the Prepetition Secured

Parties, each in its discretion, may file a photocopy of this Interim Order as a financing statement

with any filing or recording office or with any registry of deeds or similar office, in addition to or

in lieu of such financing statements, notices of lien or similar instrument.

        20.     Proceeds of Subsequent Financing.  If the Debtors, any trustee, any examiner with

enlarged powers, any responsible officer or any other estate representative subsequently

appointed in the Cases or any Successor Case, shall obtain credit or incur debt in violation of the

DIP Credit Documents at any time prior to the repayment in full of all DIP Obligations and all

Prepetition Senior Secured Obligations, including subsequent to the confirmation of any plan of

reorganization or liquidation with respect to the Debtors and the Debtors' estates, then all the

cash proceeds derived from such credit or debt shall immediately be turned over to the DIP

Agent to be applied in accordance with this Order and the DIP Credit Documents.

Page:          32
Debtors:       Dots, LLC, et al.
Case No:       14-11016 (____)
Caption:       Interim Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364 AND 507 (1) Authorizing Debtors
               to Incur Post-Petition Secured Indebtedness, (2) Authorizing Use of Cash Collateral, (3) Granting
               Liens and Providing Superpriority Administrative Expense Status, (4) Granting Adequate
               Protection, (5) Modifying Automatic Stay, and (6) Scheduling a Final Hearing

21.    <u>Maintenance of DIP Collateral</u>.  Until the payment in full in cash of all DIP

Obligations, and the termination of the obligation of the DIP Secured Parties to extend credit

under the DIP Facility, the Debtors shall insure the DIP Collateral as required under the DIP

Credit Documents.

22.    <u>Application of Proceeds of Collateral, Payments and Collections</u>.  As a condition

to the entry into the DIP Documents, the extension of credit under the DIP Facility and the

authorization to use Cash Collateral, the Debtors have agreed that proceeds of DIP Collateral and

all payments and collections received by the Debtor shall be applied as set forth in the DIP

Credit Documents.   Notwithstanding anything to the contrary herein or in the DIP Credit

Documents, upon the occurrence of a Transaction (as such term is defined in the

PricewaterhouseCoopers LLC ("**PwC**") engagement letter dated December 23, 2013), PwC shall

be entitled to receive from the proceeds of such Sale Transaction an amount equal to 2% of the

proceeds, prior to application of such proceeds pursuant to the DIP Credit Documents.

23.    <u>Termination Event</u>.  The occurrence of an Event of Default under the DIP Credit

Agreement shall constitute an event of default under this Interim Order (a "**Termination**

**Event**").

24.    <u>Rights and Remedies Following Termination Event</u>.

(a)    *Termination.* Immediately upon the occurrence and during the

continuance of a Termination Event or upon the Termination Date (as defined in the DIP Credit

Agreement), the DIP Agent may issue a written termination notice as set forth in paragraph 24(b)

(such notice, a "**Termination Notice**" and the date of any such notice (the "**Termination Notice**

Page:        33
Debtors:    Dots, LLC, et al.
Case No:    14-11016 (____)
Caption:    Interim Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364 AND 507 (1) Authorizing Debtors
            to Incur Post-Petition Secured Indebtedness, (2) Authorizing Use of Cash Collateral, (3) Granting
            Liens and Providing Superpriority Administrative Expense Status, (4) Granting Adequate
            Protection, (5) Modifying Automatic Stay, and (6) Scheduling a Final Hearing

**Date**"). Immediately upon the occurrence of a Termination Event and on the Termination Date,

the DIP Obligations shall become immediately due and payable, without notice or demand, and

any right or ability of the Debtors to use any Cash Collateral (other than as expressly set forth in

this Interim Order during the Remedies Notice Period (defined below)) shall automatically cease.

(b)      *Notice of Termination.*   Any Termination Notice shall be given by

facsimile (or other electronic means) to counsel to the Debtors, counsel to any Statutory

Committee (if one has been formed), the U.S. Trustee, and counsel to the Prepetition Junior

Secured Creditors. The Remedies Notice Period shall commence on the Termination Notice Date

and shall expire seven (7) business days after the Termination Notice Date (the "**Remedies**

**Notice Period**"). Upon the expiration of the Remedies Notice Period, or unless the Court orders

otherwise, the DIP Agent shall be permitted to satisfy the DIP Obligations, the Prepetition Senior

Secured Obligations, the Senior Adequate Protection Superpriority Claim and the Senior

Adequate Protection Lien in accordance with the DIP Credit Documents and this Order, subject

only to the Carve Out and Prepetition Perfected Liens. During the Remedies Notice Period, the

Debtors shall be entitled to seek an emergency hearing with the Court for the sole purpose of

contesting whether a Termination Event has occurred and/or is continuing. Unless the Court

determines during the Remedies Notice Period that a Termination Event has not occurred, the

automatic stay shall automatically be terminated at the end of the Remedies Notice Period

without further notice or order and the DIP Agent shall be permitted to exercise all remedies set

forth herein, in the DIP Credit Documents and the Prepetition Senior Credit Documents, as

applicable, and as otherwise available at law against the DIP Collateral and the Prepetition

Page:        34
Debtors:     Dots, LLC, et al.
Case No:     14-11016 (___)
Caption:     Interim Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364 AND 507 (1) Authorizing Debtors
             to Incur Post-Petition Secured Indebtedness, (2) Authorizing Use of Cash Collateral, (3) Granting
             Liens and Providing Superpriority Administrative Expense Status, (4) Granting Adequate
             Protection, (5) Modifying Automatic Stay, and (6) Scheduling a Final Hearing

Collateral, without further order of or application or motion to the Court, and without restriction

or restraint by any stay under sections 362 or 105 of the Bankruptcy Code, or otherwise, against

the enforcement of the liens and security interests in the DIP Collateral or the Prepetition

Collateral or any other rights and remedies granted to the DIP Secured Parties and the Prepetition

Senior Secured Parties with respect thereto pursuant to the DIP Credit Documents, this Interim

Order or applicable law.   Without limiting the foregoing, the DIP Agent may, subject to the

Remedies Notice Period, (i) subject to (x) pre-existing rights of the DIP Agent under applicable

non-bankruptcy law, (y) consent of the applicable landlord, or (z) further order of the Court

following notice and a hearing, enter onto the premises of the Debtors in connection with an

orderly liquidation of such collateral; and/or (ii) exercise any rights and remedies provided to the

DIP Secured Parties under the DIP Credit Documents or at law or equity, including all remedies

provided under the Bankruptcy Code and pursuant to this Interim Order and the Final Order.

Following the termination of the Remedies Notice Period following a Sale Process Default (as

defined in the DIP Credit Agreement), the DIP Agent may require the Debtors to solicit bids

from nationally recognized liquidators and seek authority from the Court to conduct an auction

and to retain a nationally recognized liquidator for the purpose of conducting a liquidation or

"going out of business" sale.  If the Debtors refuse to seek such authority, and absent any order

of the Court to the contrary, the DIP Agent shall be entitled to seek such authority directly.

     25.   <u>Good Faith Under Section 364 of the Bankruptcy Code; No Modification or Stay</u>

<u>or this Interim Order</u>.  The DIP Secured Parties have acted in good faith in connection with this

Interim Order and their reliance on this Interim Order is in good faith.  Based on the findings set

Page:        35
Debtors:     Dots, LLC, et al.
Case No:     14-11016  (___)
Caption:     Interim Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364 AND 507 (1) Authorizing Debtors
             to Incur Post-Petition Secured Indebtedness, (2) Authorizing Use of Cash Collateral, (3) Granting
             Liens and Providing Superpriority Administrative Expense Status, (4) Granting Adequate
             Protection, (5) Modifying Automatic Stay, and (6) Scheduling a Final Hearing

forth in this Interim Order and the record made during the Interim Hearing, and in accordance

with section 364(e) of the Bankruptcy Code, in the event any or all of the provisions of this

Interim Order are hereafter modified, amended or vacated by a subsequent order of the Court, or

any other court, the DIP Secured Parties are entitled to the protections provided in section 364(e)

of the Bankruptcy Code.  Any such modification, amendment or vacatur shall not affect the

validity and enforceability of the DIP Obligations, or any lien, claim or priority authorized or

created hereby, provided that this Interim Order was not stayed by court order after due notice

had been given to the DIP Secured Parties at the time such obligations were incurred or the liens,

claims or priorities were authorized and/or created.  Any liens or claims granted to the DIP

Secured Parties hereunder arising prior to the effective date of any such modification,

amendment or vacatur of this Interim Order shall be governed in all respects by the original

provisions of this Interim Order, including entitlement to all rights, remedies, privileges and

benefits granted herein, provided that the Interim Order was not stayed by court order after due

notice had been given to the DIP Secured Parties at the time the obligations were incurred or the

liens, claims or priorities were authorized and/or created.

        26.    Proofs of Claim.  Any order entered by the Court establishing a bar date for any

claims (including without limitation administrative claims) in any of the Cases or any Successor

Case shall not apply to any DIP Secured Parties or the Prepetition Secured Parties.  The DIP

Secured Parties and the Prepetition Secured Parties will not be required to file proofs of claim or

requests for approval of administrative expenses in any of the Cases or any Successor Case, and

the provisions of this Interim Order relating to the amount of the DIP Obligations, the Prepetition

Page:        36
Debtors:     Dots, LLC, et al.
Case No:     14-11016 (___)
Caption:     Interim Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364 AND 507 (1) Authorizing Debtors
             to Incur Post-Petition Secured Indebtedness, (2) Authorizing Use of Cash Collateral, (3) Granting
             Liens and Providing Superpriority Administrative Expense Status, (4) Granting Adequate
             Protection, (5) Modifying Automatic Stay, and (6) Scheduling a Final Hearing

Senior Secured Obligations, the Prepetition Junior Secured Obligations, the Adequate Protection

Superpriority Claims, the Adequate Protection Liens, the Prepetition Liens, the DIP Liens and

the DIP Superpriority Claim shall constitute a timely filed proof of claim and/or administrative

expense request.

27.    <u>Rights of Access and Information</u>.  Without limiting the rights of access and

information afforded the DIP Secured Parties under the DIP Credit Documents, the Debtors shall

be, and hereby are, required to afford representatives, agents and/or employees of the DIP

Secured Parties reasonable access to the Debtors' premises and their books and records in

accordance with the DIP Credit Documents, and shall reasonably cooperate, consult with, and

provide to such persons all such information as may be reasonably requested.  In addition, the

Debtors authorize their independent certified public accountants, financial advisors, investment

bankers and other consultants to cooperate, consult with, and provide to the DIP Agent all such

information as may be reasonably requested with respect to the business, results of operations

and financial condition of any Debtor.

28.    <u>Carve Out</u>.

(a)    *Carve Out*.  As used in this Interim Order, the "**Carve Out**" means,

collectively, the following expenses: (i) all statutory fees required to be paid to the Clerk of the

Court and to the U.S. Trustee pursuant to 28 U.S.C. §1930(a), (ii) reasonable fees and expenses

of a trustee under Bankruptcy Code §726(b) in an amount not to exceed $50,000; and (iii) upon

the occurrence of any Termination Event and delivery of a written notice by the DIP Agent to

counsel for the Debtors and any Statutory Committee, and the U.S. Trustee (a "**Carve Out**

Page:        37
Debtors:     Dots, LLC, et al.
Case No:     14-11016 (___)
Caption:     Interim Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364 AND 507 (1) Authorizing Debtors
             to Incur Post-Petition Secured Indebtedness, (2) Authorizing Use of Cash Collateral, (3) Granting
             Liens and Providing Superpriority Administrative Expense Status, (4) Granting Adequate
             Protection, (5) Modifying Automatic Stay, and (6) Scheduling a Final Hearing

**Trigger Notice**"), (A)(I) accrued, unpaid and allowed professional fees and expenses of counsel

for the Debtors (the "**Loan Parties Case Professionals**") in an aggregate amount not to exceed

$350,000, and (II) accrued, unpaid and allowed professional fees and expenses of any Statutory

Committee's professionals (together with the Loan Parties Case Professionals, the "**Case**

**Professionals**") in an aggregate amount not to exceed $50,000 (the amounts set forth in clauses

(A)(I) and (A)(II) of this paragraph 28(a)(iii) totaling $400,000, plus the amounts set forth in

clause (b) of this paragraph 28(a)(iii), the "**Carve Out Amount**"), provided, however, that the

Carve Out Amount shall only be used to pay accrued, unpaid and allowed professional fees and

expenses and not any disallowed fees and expenses of such professionals ("**Accrued**

**Professional Fees**"); provided further, however, that the term "Case Professionals" shall only

include professionals retained by either the Debtors or any Statutory Committee by final order of

the Court (which order has not been reversed, vacated or stayed unless such stay is no longer

effective) under sections 327 or 1103(a) of the Bankruptcy Code; (B) the reimbursement of out-

of-pocket expenses allowed by the Court incurred by the Statutory Committee members in the

performance of their duties (but excluding fees and expenses of third party professionals

employed by such members) ("**Committee Fees**") in an amount not to exceed the amount set

forth in the Budget, in each case, incurred after the delivery of a Carve Out Trigger Notice, and

(C) any Committee Fees or Accrued Professional Fees of Case Professionals incurred and

allowed, irrespective of allowance date, but unpaid prior to the receipt of the Carve Out Trigger

Notice, but solely to the extent set forth in the Budget, and not constituting Periodic

Page:        38
Debtors:     Dots, LLC, et al.
Case No:     14-11016 (___)
Caption:     Interim Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364 AND 507 (1) Authorizing Debtors
             to Incur Post-Petition Secured Indebtedness, (2) Authorizing Use of Cash Collateral, (3) Granting
             Liens and Providing Superpriority Administrative Expense Status, (4) Granting Adequate
             Protection, (5) Modifying Automatic Stay, and (6) Scheduling a Final Hearing

Compensation Fees (defined below) for which funds have been segregated pursuant the

provisions below.

(b)      *Professional Fee Escrow*.  So long as the DIP Agent has not delivered a

Carve Out Trigger Notice, the DIP Agent shall (in addition to the Availability Reserves (as

defined in the DIP Credit Agreement) in the amount of the Carve Out Amount) establish an

Availability Reserve (the "**Periodic Compensation Reserve**") in the amount of the monthly

Periodic Compensation Fees set forth in the Budget and reflected as the monthly Periodic

Compensation Fees on the weekly Borrowing Base Certificate most recently delivered to the

Agent for the applicable month of determination.  Such Periodic Compensation Reserve may be

updated on a weekly basis based upon the amount of the Periodic Compensation Fees set forth in

the Budget and reflected as the monthly Periodic Compensation Fees amount in the weekly

Borrowing Base Certificate most recently delivered to the Agent.  On the [first] Business Day of

each month, So long as the DIP Agent has not delivered a Carve Out Trigger Notice, the Agent

shall release the Periodic Compensation Reserve for the immediately preceding month then

ended and wire such amount to the trust account of Lowenstein Sandler LLP ("**Lowenstein**"),

proposed counsel to the Debtors, to be held in escrow (the "**Professional Fee Escrow**").  The

Debtors shall be deemed to have delivered to the Agent a Committed Loan Notice in the amount

of the applicable Periodic Compensation Reserve on the first Business Day of each month.

Lowenstein shall disburse funds in the Professional Fee Escrow to the Case Professionals in

accordance with an order approving interim compensation procedures for Case Professionals (the

"**Interim Professional Compensation Order**") and the same shall not reduce the Carve Out

Page:      39
Debtors:   Dots, LLC, et al.
Case No:   14-11016 (____)
Caption:   Interim Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364 AND 507 (1) Authorizing Debtors
           to Incur Post-Petition Secured Indebtedness, (2) Authorizing Use of Cash Collateral, (3) Granting
           Liens and Providing Superpriority Administrative Expense Status, (4) Granting Adequate
           Protection, (5) Modifying Automatic Stay, and (6) Scheduling a Final Hearing

Amount.   The Professional Fee Escrow shall not be subject to the control of the DIP Agent and

shall not be swept or foreclosed upon and the funds held in such segregated account shall not be

DIP Collateral except to the extent of any amounts which are refundable to the Debtors in which

case the DIP Agent shall have a residual lien on such refundable amounts to secure the DIP

Obligations.   So long as the DIP Agent has not delivered a Carve Out Trigger Notice, the DIP

Agent shall fund the Professional Fee Escrow in accordance with the Budget and the DIP Credit

Documents.   Under no circumstances will the DIP Agent be required to fund Periodic

Compensation Fees in excess of the amounts set forth therefor in the Budget or after the

occurrence of a Termination Event.   Lowenstein shall be authorized to remit payment from the

Professional Fee Escrow to Case Professionals from time to time (whether or not a Carve Out

Trigger Notice has been delivered) pursuant to the Interim Professional Compensation Order,

without further Order of the Court.   The DIP Agent shall fund the balance of the Carve Out (if

any) from the proceeds of the DIP Collateral upon the earlier to occur of (i) the delivery of the

Carve Out Trigger Notice or (ii) the sale of all or substantially all of the assets of the Debtors.

No portion of the Carve Out or any Cash Collateral may be used in violation of this Interim

Order, including, without limitation, paragraph 29 hereof.

　　　　(c)   *No Direct Obligation to Pay Professional Fees or Committee Expenses*.

Neither the DIP Secured Parties nor the Prepetition Secured Parties shall be responsible for the

direct payment or reimbursement of any fees or disbursements of any Case Professionals or any

Committee Expenses incurred in connection with the Cases or any Successor Case.   Nothing in

this Interim Order or otherwise shall be construed to obligate the DIP Secured Parties or the

Page:       40
Debtors:    Dots, LLC, et al.
Case No:    14-11016 (___)
Caption:    Interim Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364 AND 507 (1) Authorizing Debtors
            to Incur Post-Petition Secured Indebtedness, (2) Authorizing Use of Cash Collateral, (3) Granting
            Liens and Providing Superpriority Administrative Expense Status, (4) Granting Adequate
            Protection, (5) Modifying Automatic Stay, and (6) Scheduling a Final Hearing

Prepetition Secured Parties in any way to pay compensation to or to reimburse expenses of any

Case Professional (including any Committee Expenses), or to guarantee that the Debtors have

sufficient funds to pay such compensation or reimbursement.  Nothing in this Interim Order or

otherwise shall be construed to increase the Carve Out (i) if actual (A) Accrued Professional

Fees of any Case Professional; or (B) Committee Expenses, are higher in fact than the estimated

fees and disbursements reflected in the Budget, or (ii) if Periodic Compensation Fees were not

listed on a Borrowing Base Certificate.

                (d)     *Payment of Carve Out After Carve Out Trigger Notice*.  Any payment or

reimbursement made after the delivery of the Carve Out Trigger Notice in respect of any

Accrued Professional Fees (exclusive of the application of any retainers by any of the Case

Professionals) or Statutory Committee Expenses shall permanently reduce the Carve Out

Amount on a dollar-for-dollar basis.  Any funding by the DIP Secured Parties of the Carve Out

or the Periodic Compensation Fees shall be added to and made a part of the DIP Obligations,

secured by the DIP Collateral and otherwise entitled to the protection granted under this Interim

Order, the DIP Credit Documents, the Bankruptcy Code and applicable law.

                29.     Prohibited Use of DIP Facility, DIP Collateral, Cash Collateral, Carve Out, Etc.

The DIP Facility, the DIP Collateral, the Cash Collateral and the Carve Out may not be used:  (a)

in connection with or to finance in any way any action, suit, arbitration, proceeding, application,

motion or other litigation of any type (i) adverse to the DIP Secured Parties or the Prepetition

Secured Parties or their rights and remedies under the DIP Credit Agreement, the DIP Credit

Documents, the Prepetition Senior Credit Documents, Prepetition Junior Credit Documents (as

Page:        41
Debtors:     Dots, LLC, et al.
Case No:     14-11016 (___)
Caption:     Interim Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364 AND 507 (1) Authorizing Debtors
             to Incur Post-Petition Secured Indebtedness, (2) Authorizing Use of Cash Collateral, (3) Granting
             Liens and Providing Superpriority Administrative Expense Status, (4) Granting Adequate
             Protection, (5) Modifying Automatic Stay, and (6) Scheduling a Final Hearing

applicable) or this Interim Order or the Final Order, including, without limitation, for the

payment of any services rendered by the professionals retained by the Debtors or any Statutory

Committee in connection with the assertion of or joinder in any claim, counterclaim, action,

proceeding, application, motion, objection, defense or other contested matter, the purpose of

which is to seek, or the result of which would be to obtain, any order, judgment determination,

declaration or similar relief, (ii) invalidating, setting aside, avoiding or subordinating, in whole

or in part, the DIP Obligations, the Prepetition Senior Secured Obligations, or the Prepetition

Junior Secured Obligations (iii) for monetary, injunctive or other affirmative relief against the

DIP Secured Parties or the Prepetition Secured Parties or their respective collateral, (iv)

preventing, hindering or otherwise delaying the exercise by the DIP Secured Parties or the

Prepetition Secured Parties of any rights and remedies under this Interim Order or the Final

Order, the DIP Credit Documents, the Prepetition Credit Documents or applicable law, or the

enforcement or realization (whether by foreclosure, credit bid, further order of the Court or

otherwise) by the DIP Secured Parties, the Prepetition Secured Parties upon any of their

respective collateral, or (v) to pursue litigation against the DIP Secured Parties or the Prepetition

Secured Parties; (b) to make any distribution under a plan of reorganization in any Case; (c) to

make any payment in settlement of any claim, action or proceeding, before any court, arbitrator

or other governmental body without the prior written consent of the DIP Agent, unless otherwise

ordered by the Court; (d) to pay any fees or similar amounts to any person who has proposed or

may propose to purchase interests in the Debtors (including so-called "Topping Fees") without

the prior written consent of the DIP Agent; (e) objecting to, contesting, or interfering with, in any

Page:         42
Debtors:      Dots, LLC, et al.
Case No:      14-11016 (___)
Caption:      Interim Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364 AND 507 (1) Authorizing Debtors
              to Incur Post-Petition Secured Indebtedness, (2) Authorizing Use of Cash Collateral, (3) Granting
              Liens and Providing Superpriority Administrative Expense Status, (4) Granting Adequate
              Protection, (5) Modifying Automatic Stay, and (6) Scheduling a Final Hearing

way, the DIP Secured Parties' or the Prepetition Secured Parties' enforcement or realization

upon any of the Prepetition Collateral or DIP Collateral once a Termination Event has occurred,

except as provided for in this Interim Order or Final Order, or seeking to prevent the DIP

Secured Parties or the Prepetition Secured Parties from credit bidding in connection with any

proposed plan of reorganization or liquidation or any proposed transaction pursuant to section

363 of the Bankruptcy Code; (f) using or seeking to use Cash Collateral while the DIP

Obligations, the Prepetition Senior Secured Obligations, or the Prepetition Junior Secured

Obligations remain outstanding, without the consent of the DIP Agent or Prepetition Junior

Secured Parties, as applicable; (g) using or seeking to use any insurance proceeds constituting

DIP Collateral without the consent of the DIP Agent; (h) incurring indebtedness outside the

ordinary course of business without the prior consent of the DIP Agent; (i) objecting to or

challenging in any way the claims, liens, or interests held by or on behalf of the DIP Secured

Parties or the Prepetition Secured Parties; (j) asserting, commencing or prosecuting any claims or

causes of action whatsoever, including, without limitation, any actions under chapter 5 of the

Bankruptcy Code, against the DIP Secured Parties or the Prepetition Secured Parties; or (k)

prosecuting an objection to, contesting in any manner, or raising any defenses to, the validity,

extent, amount, perfection, priority, or enforceability of any of the DIP Obligations, the DIP

Liens, the Prepetition Senior Secured Obligations, the Prepetition Liens, the Prepetition Junior

Secured Obligations, or any other rights or interests of the DIP Secured Parties or the Prepetition

Secured Parties.

Page:       43
Debtors:    Dots, LLC, et al.
Case No:    14-11016 (___)
Caption:    Interim Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364 AND 507 (1) Authorizing Debtors
            to Incur Post-Petition Secured Indebtedness, (2) Authorizing Use of Cash Collateral, (3) Granting
            Liens and Providing Superpriority Administrative Expense Status, (4) Granting Adequate
            Protection, (5) Modifying Automatic Stay, and (6) Scheduling a Final Hearing

30.    <u>Payment of Compensation</u>.  Nothing herein shall be construed as a consent to the

allowance of any professional fees or expenses of any Case Professionals or shall affect the right

of the DIP Secured Parties and the Prepetition Secured Parties to object to the allowance and

payment of such fees and expenses.  So long as no Termination Event has occurred and is

continuing, the Debtors shall be permitted to pay fees and expenses allowed and payable by

order (that has not been vacated or stayed, unless the stay has been vacated) under sections 330

and 331 of the Bankruptcy Code, as the same may be due and payable, solely to the extent set

forth in the Budget and not to exceed the amounts set forth in the Budget (the "**Periodic

Compensation Fees**").

31.    <u>Reservation of Certain Third-Party Rights and Bar of Challenges and Claims</u>.

Nothing in this Interim Order shall prejudice the rights of a Statutory Committee and any other

party in interest granted standing by the Court, (other than the Debtors and/or their successors),

to seek to assert claims against the Prepetition Secured Parties on behalf of the Debtors or the

Debtors' creditors and interest holders, or to object to or to challenge the stipulations, findings or

the Debtors' Stipulations set forth herein, including, but not limited to those in relation to:

(a) the validity, extent, priority, or perfection of the mortgage, security interests, and liens of the

Prepetition Secured Parties; (b) the validity, allowability, priority, or amount of the Prepetition

Secured Obligations (including any fees included therein); (c) the secured status of the

Prepetition Secured Obligations; or (d) any liability of the Prepetition Secured Parties with

respect to anything arising from any of the respective Prepetition Credit Documents.  A party in

interest, including any Statutory Committee (if appointed) that has been granted standing by the

Page:        44
Debtors:     Dots, LLC, et al.
Case No:     14-11016 (____)
Caption:     Interim Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364 AND 507 (1) Authorizing Debtors
             to Incur Post-Petition Secured Indebtedness, (2) Authorizing Use of Cash Collateral, (3) Granting
             Liens and Providing Superpriority Administrative Expense Status, (4) Granting Adequate
             Protection, (5) Modifying Automatic Stay, and (6) Scheduling a Final Hearing

Court, must commence, as appropriate, a contested matter or adversary proceeding raising such objection or challenge, including, without limitation, a claim in the nature of a setoff, counterclaim or defense, or any other claim (each, a "**Challenge**") sixty (60) days following the date of entry of the Final Order (the "**Challenge Period**").  If no Statutory Committee has been appointed, any party in interest has seventy-five (75) days from the date of the entry of the Final Order to commence a Challenge action.  The Challenge Period may only be extended with the written consent of the Prepetition Senior Agent (as to the Prepetition Senior Secured Parties), the Prepetition Junior Secured Parties (as to the Prepetition Junior Secured Parties), or by order of the Court.  Upon the expiration of the Challenge Period (the "**Challenge Period Termination Date**"), without the filing of a Challenge:  (A) any and all such Challenges and objections by any party (including, without limitation, any Statutory Committee, any chapter 11 trustee, and/or any examiner or other estate representative appointed in the Cases, and any chapter 7 trustee and/or examiner or other estate representative appointed in any Successor Case), shall be deemed to be forever waived, released and barred, (B) all matters not subject to the Challenge, including, without limitation, all findings, the Debtor's Stipulations, all waivers, releases, affirmations and other stipulations as to the priority, extent, and validity as to the Prepetition Senior Secured Parties' and Prepetition Junior Secured Parties' claims, liens, and interests shall be of full force and effect and forever binding upon the Debtors, the Debtors' estates and all creditors, interest holders, and other parties in interest in the Cases and any Successor Case; and (C) any and all claims or causes of action against the Prepetition Senior Secured Parties and the Prepetition Junior Secured Parties relating in any way to the Debtors or the Prepetition Senior Credit

Page:          45
Debtors:    Dots, LLC, et al.
Case No:    14-11016 (___)
Caption:    Interim Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364 AND 507 (1) Authorizing Debtors
                  to Incur Post-Petition Secured Indebtedness, (2) Authorizing Use of Cash Collateral, (3) Granting
                  Liens and Providing Superpriority Administrative Expense Status, (4) Granting Adequate
                  Protection, (5) Modifying Automatic Stay, and (6) Scheduling a Final Hearing

Documents or the Prepetition Junior Credit Documents shall be forever waived and released by

the Debtors, the Debtors' estates, all creditors, interest holders and other parties in interest in the

Cases and any Successor Case.

       32.    <u>Costs, Fees, Expenses, and Indemnification</u>.

       (a)    *Prepetition Senior Secured Parties*.  As additional adequate protection of

the Prepetition Senior Secured Parties' security interests in the Prepetition Collateral, the Debtors

are authorized and directed to provide adequate protection in the form of (a) ongoing payment of

interest, fees, and other amounts due under the Prepetition Senior Credit Documents at the times

specified therein; (b) ongoing payment of all reasonable costs, fees and expenses of the

Prepetition Senior Secured Parties, including, without limitation, legal, accounting, collateral

examination, monitoring and appraisal fees, financial advisory fees, fees and expenses of other

consultants, and indemnification and reimbursement of fees and expenses and any such other

amounts as provided in the Prepetition Senior Credit Documents and (c) continued maintenance

and insurance of the Prepetition Collateral and the DIP Collateral in amounts and for the risks,

and by the entities, as required under the Prepetition Senior Credit Documents, the DIP Credit

Agreement and this Order.  Payment of all such professional fees and expenses shall not be

subject to allowance by the Court.  Professionals for the Prepetition Senior Secured Parties shall

not be required to comply with the U.S. Trustee fee guidelines.  Notwithstanding the foregoing,

at the same time such invoices are delivered to the Debtors, the professionals for the Prepetition

Senior Secured Parties shall deliver a copy of their respective invoices to counsel for any

Statutory Committee and the U.S. Trustee, redacted as necessary with respect to any privileged

Page:       46
Debtors:    Dots, LLC, et al.
Case No:    14-11016 (___)
Caption:    Interim Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364 AND 507 (1) Authorizing Debtors
            to Incur Post-Petition Secured Indebtedness, (2) Authorizing Use of Cash Collateral, (3) Granting
            Liens and Providing Superpriority Administrative Expense Status, (4) Granting Adequate
            Protection, (5) Modifying Automatic Stay, and (6) Scheduling a Final Hearing

or confidential information contained therein.  Any objections raised by the Debtors, the U.S.

Trustee or any Statutory Committee with respect to such invoices within ten (10) business days

of the receipt thereof will be resolved by the Court. Pending such resolution, the undisputed

portion of any such invoice shall be promptly paid by the Debtors.

(b)     *DIP Secured Parties*.  The Debtors are authorized and directed to pay all

reasonable out-of-pocket expenses of the DIP Secured Parties in connection with the DIP

Facility, as provided in the DIP Credit Documents, whether or not the transactions contemplated

hereby are consummated, including, without limitation, legal, accounting, collateral examination,

monitoring and appraisal fees, financial advisory fees, fees and expenses of other consultants,

and indemnification and reimbursement of fees and expenses.  Professionals for the DIP Secured

Parties shall not be required to comply with the U.S. Trustee fee guidelines.  Notwithstanding the

foregoing, at the same time such invoices are delivered to the Debtors, the professionals for the

DIP Secured Parties shall deliver a copy of their respective invoices to counsel for any Statutory

Committee and the U.S. Trustee, redacted as necessary with respect to any privileged or

confidential information contained therein.   Any objections raised by the Debtors, the U.S.

Trustee or any Statutory Committee with respect to such invoices within ten (10) business days

of the receipt thereof will be resolved by the Court. Pending such resolution, the undisputed

portion of any such invoice shall be promptly paid by the Debtors.

(c)     *Prepetition Junior Secured Parties*.  The Debtors are authorized and

directed to pay all reasonable legal and other professional fees, costs and expenses out-of-pocket

expenses of the Prepetition Junior Secured Parties in accordance with the Budget and in an

-46-

Page:       47
Debtors:    Dots, LLC, et al.
Case No:    14-11016  (___)
Caption:    Interim Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364 AND 507 (1) Authorizing Debtors
to Incur Post-Petition Secured Indebtedness, (2) Authorizing Use of Cash Collateral, (3) Granting
Liens and Providing Superpriority Administrative Expense Status, (4) Granting Adequate
Protection, (5) Modifying Automatic Stay, and (6) Scheduling a Final Hearing

amount not to exceed $175,000 in the aggregate during the first 16 week period from the Closing

Date and, thereafter, in accordance with the Budget.  Notwithstanding the foregoing, at the same

time such invoices are delivered to the Debtors, the professionals for the Prepetition Junior

Secured Parties shall deliver a copy of their respective invoices to counsel for any Statutory

Committee and the U.S. Trustee, redacted as necessary with respect to any privileged or

confidential information contained therein.  Any objections raised by the Debtors, the U.S.

Trustee or any Statutory Committee with respect to such invoices within ten (10) business days

of the receipt thereof will be resolved by the Court.  Pending such resolution, subject to the

Budget, the undisputed portion of any such invoice shall be promptly paid by the Debtors.

33.    <u>No Third Party Rights</u>.  Except as explicitly provided for herein, this Interim

Order does not create any rights for the benefit of any third party, creditor, equity holder or any

direct, indirect, or incidental beneficiary.

34.    <u>Section 506(c) Claims</u>.  Upon entry of the Final Order, no costs or expenses of

administration which have been or may be incurred in the Cases at any time shall be charged

against the DIP Secured Parties or the DIP Collateral or the Prepetition Secured Parties or the

Prepetition Liens pursuant to sections 105 or 506(c) of the Bankruptcy Code, and no such

consent shall be implied from any other action, inaction, or acquiescence by any such agents or

lenders.

35.    <u>No Marshaling/Applications of Proceeds</u>.  Upon entry of the Final Order, neither

the DIP Secured Parties nor the Prepetition Secured Parties shall be subject to the equitable

doctrine of "marshaling" or any other similar doctrine with respect to any of the DIP Collateral.

Page:          48
Debtors:       Dots, LLC, et al.
Case No:       14-11016 (____)
Caption:       Interim Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364 AND 507 (1) Authorizing Debtors
               to Incur Post-Petition Secured Indebtedness, (2) Authorizing Use of Cash Collateral, (3) Granting
               Liens and Providing Superpriority Administrative Expense Status, (4) Granting Adequate
               Protection, (5) Modifying Automatic Stay, and (6) Scheduling a Final Hearing

36.    <u>Section 552(b)</u>.  Subject to the entry of the Final Order, the "equities of the case" exception under Bankruptcy Code §552(b) shall not apply to the DIP Secured Parties or the Prepetition Secured Parties with respect to proceeds, products, offspring or profits of any of the Prepetition Collateral or the DIP Collateral.

37.    <u>Discharge Waiver</u>.  The Debtors expressly stipulate, and the Court finds and adjudicates that, none of the DIP Obligations, the DIP Superpriority Claims or the DIP Liens shall be discharged by the entry of an order confirming any plan of reorganization, notwithstanding the provisions of section 1141(d) of the Bankruptcy Code, unless the DIP Obligations have been paid in full in cash on or before the effective date of a confirmed plan of reorganization.  Except as otherwise agreed to by the DIP Agent, the Debtors shall not propose or support any plan or sale of all or substantially all of the Debtors' assets or entry of any confirmation order or sale order that is not conditioned upon the payment in full, in cash of all DIP Obligations.  DIP Superpriority Claims and the DIP Liens shall not be affected in any manner by the entry of an order confirming a plan in the Cases or any Successor Case.

38.    <u>Rights Preserved</u>.  Notwithstanding anything herein to the contrary, the entry of this Interim Order is without prejudice to, and does not constitute a waiver of, expressly or implicitly:  (a)  the DIP Secured Parties' and the Prepetition Secured Parties' rights to seek any other or supplemental relief in respect of the Debtors; (b) any of the rights of the DIP Secured Parties and the Prepetition Secured Parties under the Bankruptcy Code or under non-bankruptcy law, including, without limitation, the right to (i) request modification of the automatic stay of section 362 of the Bankruptcy Code, (ii) request dismissal of the Cases or any Successor Case,

Page:       49
Debtors:    Dots, LLC, et al.
Case No:    14-11016 (____)
Caption:    Interim Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364 AND 507 (1) Authorizing Debtors
            to Incur Post-Petition Secured Indebtedness, (2) Authorizing Use of Cash Collateral, (3) Granting
            Liens and Providing Superpriority Administrative Expense Status, (4) Granting Adequate
            Protection, (5) Modifying Automatic Stay, and (6) Scheduling a Final Hearing

conversion of any of the Cases to a case under chapter 7, or appointment of a chapter 11 trustee

or examiner with expanded powers, or (iii) propose, subject to the provisions of section 1121 of

the Bankruptcy Code, a chapter 11 plan or plans.  Other than as expressly set forth in this Interim

Order, any other rights, claims or privileges (whether legal, equitable or otherwise) of the DIP

Secured Parties and the Prepetition Secured Parties are preserved.

39.     <u>No Waiver by Failure to Seek Relief</u>.  The failure of the DIP Secured Parties or

the Prepetition Secured Parties to seek relief or otherwise exercise their respective rights and

remedies under this Interim Order, the Prepetition Credit Documents, the DIP Credit Agreement,

the DIP Credit Documents, or applicable law, as the case may be, shall not constitute a waiver of

any of the rights hereunder, thereunder, or otherwise of the DIP Secured Parties or the

Prepetition Secured Parties.

40.     <u>Binding Effect of Interim Order</u>.   Immediately upon entry by the Court

(notwithstanding any applicable law or rule to the contrary), the terms and provisions of this

Interim Order shall become valid and binding upon and inure to the benefit of the Debtors, the

DIP Secured Parties, the Prepetition Secured Parties, all other creditors of the Debtors, any

Statutory Committee or any other court appointed committee appointed in the Case, the U.S.

Trustee and all other parties in interest and their respective successors and assigns, including any

trustee or other fiduciary hereafter appointed in the Cases, any Successor Case, or upon dismissal

of the Cases or any Successor Case.

41.     <u>No Modification of Interim Order</u>.  The Debtors irrevocably waive the right to

seek and shall not seek or consent to, directly or indirectly:  (a) without the prior written consent

Page:        50
Debtors:     Dots, LLC, et al.
Case No:     14-11016  (___)
Caption:     Interim Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364 AND 507 (1) Authorizing Debtors
             to Incur Post-Petition Secured Indebtedness, (2) Authorizing Use of Cash Collateral, (3) Granting
             Liens and Providing Superpriority Administrative Expense Status, (4) Granting Adequate
             Protection, (5) Modifying Automatic Stay, and (6) Scheduling a Final Hearing

of the Prepetition Senior Agent, the Prepetition Junior Secured Parties (without expanding or

altering the rights of the parties to the Existing Intercreditor Agreement,  the Prepetition Junior

Secured Parties, but solely with respect to those provisions of such Final Order which directly

affect the Prepetition Junior Secured Parties, the Prepetition Junior Secured Obligations or the

Prepetition Junior Credit Documents), and the DIP Agent (i) any modification, stay, vacatur or

amendment to this Interim Order; or (ii) a priority claim for any administrative expense or

unsecured claim against the Debtors (now existing or hereafter arising of any kind or nature

whatsoever, including, without limitation any administrative expense of the kind specified in

sections 503(b), 507(a) or 507(b) of the Bankruptcy Code) in the Cases or any Successor Case,

equal or superior to the Senior Adequate Protection Superpriority Claims, other than the Carve

Out and the DIP Superpriority Claim; (b) without the prior written consent of the Prepetition

Senior Agent and the Prepetition Junior Secured Parties (without expanding or altering the rights

of the parties to the Existing Intercreditor Agreement,  the Prepetition Junior Secured Parties, but

solely with respect to those provisions of such Final Order which directly affect the Prepetition

Junior Secured Parties, the Prepetition Junior Secured Obligations or the Prepetition Junior

Credit Documents), any order allowing use of Cash Collateral other than this Interim Order and

the Final Order; and (c) without the prior written consent of the Prepetition Senior Agent and the

DIP Agent, any lien on any of the DIP Collateral with priority equal or superior to the Senior

Adequate Protection Liens (other than the DIP Liens).  The Debtors irrevocably waive any right

to seek any material amendment, modification or extension of this Interim Order without the

prior written consent, as provided in the foregoing, of the Prepetition Senior Agent and the DIP

Page:        51
Debtors:     Dots, LLC, et al.
Case No:     14-11016 (___)
Caption:     Interim Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364 AND 507 (1) Authorizing Debtors
             to Incur Post-Petition Secured Indebtedness, (2) Authorizing Use of Cash Collateral, (3) Granting
             Liens and Providing Superpriority Administrative Expense Status, (4) Granting Adequate
             Protection, (5) Modifying Automatic Stay, and (6) Scheduling a Final Hearing

Agent, and no such consent shall be implied by any other action, inaction or acquiescence of the

Prepetition Secured Parties or the DIP Secured Parties.

42.    <u>Interim Order Controls</u>.  In the event of any inconsistency between the terms and

conditions of the DIP Credit Documents or this Interim Order, the provisions of this Interim

Order shall govern and control.

43.    <u>Survival</u>.  The provisions of this Interim Order and any actions taken pursuant

hereto shall survive entry of any order which may be entered:  (a) confirming any plan of

reorganization in the Cases; (b) converting any of the Cases to a case under chapter 7 of the

Bankruptcy Code; (c) dismissing the Cases or any Successor Case; or (d) pursuant to which the

Court abstains from hearing the Cases or any Successor Case, provided however that the various

superpriority claims or other administrative expenses shall survive only to the extent permitted

by applicable law.  The terms and provisions of this Interim Order, including the claims, liens,

security interests and other protections granted to the Prepetition Secured Parties and the DIP

Secured Parties pursuant to this Interim Order and/or the Prepetition Credit Documents,

notwithstanding the entry of any such order, shall continue in the Cases, in any Successor Case,

or following dismissal of the Cases or any Successor Case, and shall maintain their priority as

provided by this Interim Order until all DIP Obligations and all Petition Senior Secured

Obligations have been paid in full.

44.    <u>Sponsor Participation</u>.  Effective upon entry of this Interim Order, the Sponsor

Participants shall enter into a participation agreement with the Prepetition Senior Agent in form

and substance acceptable to each of them (the "**<u>Sponsor Prepetition Participation</u>**

Page:          52
Debtors:     Dots, LLC, et al.
Case No:    14-11016  (___)
Caption:      Interim Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364 AND 507 (1) Authorizing Debtors
                   to Incur Post-Petition Secured Indebtedness, (2) Authorizing Use of Cash Collateral, (3) Granting
                   Liens and Providing Superpriority Administrative Expense Status, (4) Granting Adequate
                   Protection, (5) Modifying Automatic Stay, and (6) Scheduling a Final Hearing

**Agreement**") pursuant to which the Sponsor Participants will acquire an undivided fractional interest in the Prepetition Term Loan Obligations in the amount of the lesser of $1,500,000 or 9.375% of the outstanding balance of the Prepetition Term Loan Obligations as of the date of entry of this Interim Order.   The Sponsor Prepetition Participation Agreement shall not be subject to the Existing Intercreditor Agreement.

45.    <u>Final Hearing</u>.   The Final Hearing to consider entry of the Final Order and approval of the DIP Facility is scheduled for _____, 2014 at ___:__ _.m. (ET) before the Honorable _____, United States Bankruptcy Judge, Courtroom ___, at the United States Bankruptcy Court for the District of New Jersey, 50 Walnut Street, Newark, NJ 07102.

46.    <u>Notice of Final Hearing</u>:  On or before _____, 2014, the Debtors shall serve, by United States mail, first-class postage prepaid, a copy of the Motion and this Interim Order upon:   (a) the U.S. Trustee; (b) the Securities and Exchange Commission; (c) the Internal Revenue Service; (d) the parties included on the Debtors' list of the thirty (30) largest unsecured creditors of the Debtors at their last known addresses; (e) Morgan, Lewis & Bockius, LLP, 225 Franklin Street, 16th Floor, Boston MA 02110 (Attn: Sandra Vrejan) and Morgan, Lewis & Bockius LLP, 101 Park Avenue, 46th Floor, New York, NY 10178 (Attn: Wendy S. Walker), attorneys for the Prepetition Senior Agent and the DIP Agent; (f) Okin, Hollander & DeLuca, L.L.P, One Parker Plaza, 12th Floor, 400 Kelby Street, Fort Lee, NJ 07024 (Attn: Paul S. Hollander), attorneys for the Prepetition Junior Secured Parties; (g) any party that has filed prior to such date a request for notices under Bankruptcy Rule 2002 with the Court; and (h) counsel for any Statutory Committee.

Page:       53
Debtors:    Dots, LLC, et al.
Case No:    14-11016 (___)
Caption:    Interim Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364 AND 507 (1) Authorizing Debtors
to Incur Post-Petition Secured Indebtedness, (2) Authorizing Use of Cash Collateral, (3) Granting
Liens and Providing Superpriority Administrative Expense Status, (4) Granting Adequate
Protection, (5) Modifying Automatic Stay, and (6) Scheduling a Final Hearing

47.    Objection Deadline: Objections, if any, to the relief sought in the Motion shall be in writing, shall set forth with particularity the grounds for such objections or other statement of position, shall be filed with the clerk of the Court, and personally served upon:  (i) Lowenstein Sandler LLP, 1251 Avenue of the Americas, New York, NY 10020 and 65 Livingston Avenue, Roseland, NJ 07068 (Attn: Kenneth A. Rosen and Gerald C. Bender) proposed counsel to the Debtors and Debtors-in-Possession, (ii) the U.S. Trustee; (iii) counsel to any Statutory Committee; (iv)  Morgan, Lewis & Bockius, LLP, 225 Franklin Street, 16th Floor, Boston, MA 02110 (Attn: Sandra Vrejan) and Morgan, Lewis & Bockius, LLP, 101 Park Avenue, 46th Floor, New York, NY 10178 (Attn: Wendy S. Walker), attorneys for the Prepetition Agent and the DIP Agent; and (v) Okin, Hollander & DeLuca, L.L.P, One Parker Plaza, 12th Floor, 400 Kelby Street, Fort Lee, NJ 07024 (Attn: Paul S. Hollander), attorneys for the Prepetition Junior Secured Parties, so that such objections are filed with the Court and received by said parties on or before __:___ p.m. Eastern Time on _____, 2014 with respect to entry of the Final Order.

48.    Effect of this Interim Order.  This Interim Order shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052 and shall take effect immediately, notwithstanding anything to the contrary proscribed by applicable law.

49.    Retention of Jurisdiction.  The Court has and will retain jurisdiction to enforce this Interim Order according to its terms.