# **EXHIBIT A**
# **FORM OF AUCTION PROCEDURES ORDER**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
**Caption in compliance with D.N.J. LBR 9004-2(c)**

**LOWENSTEIN SANDLER LLP**
Kenneth A. Rosen, Esq.
John K. Sherwood, Esq.
Andrew Behlmann, Esq.
65 Livingston Avenue
Roseland, New Jersey 07068
Tel: (973) 597-2500
Fax: (973) 597-2400

*Proposed Counsel to the Debtors and
Debtors-in-Possession*

| | |
|---|---|
| In re: | Chapter 11 |
| Dots, LLC, *et al.*,[1] | Case No. 14-11016 (DHS) |
| Debtors. | (Joint Administration Requested) |

## ORDER APPROVING AUCTION PROCEDURES

The relief set forth on the following pages, numbered two (2) through and including nine (9), is hereby ORDERED.

---

[1] The Debtors in these chapter 11 cases are Dots, LLC (3957), IPC/Dots LLC (8282), and Dots Gift LLC. The last four digits of Dots, LLC's and IPC/Dots LLC's tax identification numbers are (3957) and (8282), respectively

Upon consideration of the motion (the "Motion")[1] of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") for entry of orders approving the Auction Procedures and the Sale and granting related relief; and the Court finding that (a) it has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334, (b) this matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2), and (c) venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Motion being sufficient under the circumstances; and it appearing that no other or further notice is required; and the Court having determined that the relief sought in the Motion is in the best interests of the Debtors and their estates and creditors; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY FOUND AND DETERMINED THAT:**[2]

A. The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

B. Under the exigent circumstances, due, proper, and sufficient notice of the Motion and a reasonable opportunity to object was given, and no other or further notice need be provided, except as set forth herein with respect to the Sale Hearing.

C. The Auction Procedures are fair, reasonable, and appropriate, reflect a sound exercise of the Debtors' business judgment and fiduciary duties, and are designed to maximize the value realized by the Debtors' estates through the sale.

D. The Auction Notice is appropriate and reasonably calculated to provide all interested parties with adequate, timely, and proper notice of the Auction, the Sale Hearing, and

---

[1] Capitalized terms used but not defined herein have the meanings ascribed thereto in the Motion.
[2] Pursuant to Bankruptcy Rule 7052, made applicable to this proceeding by Bankruptcy Rule 9014, findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact, as appropriate.

the Auction Procedures, and complies with all applicable provisions of the Bankruptcy Code, Bankruptcy Rules, and Local Rules. No further notice of the Motion, the Auction, the Sale Hearing, or the Auction Procedures is required.

E.  The entry of this Order is in the best interests of the Debtors, their estates and creditors, and all other parties-in-interest in these Chapter 11 Cases.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1.  The Motion is **GRANTED** to the extent set forth herein.

**Auction Procedures**

2.  The following Auction Procedures are **APPROVED**:

(a) **Bid Deadline**. Bids shall be submitted no later than **February 17, 2014** (the "Bid Deadline"). The Debtors may, in consultation with the Lenders and the Committee, permit parties to submit bids after the Bid Deadline..

(b) **Stalking Horse Notice**. If the Debtors, in consultation with the Lenders and the Committee, select a Stalking Horse Bid, then within two days after the Bid Deadline, the Debtors shall file on the docket and circulate to all parties that have submitted bids a notice of the bid or bids selected as the Stalking Horse Bid (the "Stalking Horse Notice"). The Stalking Horse Notice shall include (a) a copy of the Agreement embodying the Stalking Horse Bid, (b) a summary of any break-up fee, expense reimbursement, or other similar bidder protections ("Bid Protections") contemplated by the Stalking Horse Bid, (c) a summary of the material terms of the Stalking Horse Bid as required by the *Guidelines for Sale of Estate Property* set forth in the Appendix to Local Rule 6004-1, (d) the proposed form of order approving the Sale, and (e) a summary of the bidding increments that the Debtors, in consultation with the Lenders and the Committee, establish for the initial overbid above the Stalking Horse Bid at the Auction and any overbids thereafter. **Nothing herein shall require the Debtors to select a Stalking Horse Bid.**

(c) **Selection of Winning Bid**. The bid or combination of bids that the Debtors determine, in consultation with the Lenders and the Committee, is the highest and best bid at the conclusion of the Auction, based on terms and conditions consistent with those set forth in the Model Agreement, shall be deemed the Winning Bid, subject to Court approval, and the Winning Bidder shall be required to enter into a definitive Agreement memorializing the Winning Bid before the Auction is adjourned.

(d) **Auction Time and Location**.  If the Debtors receive two or more Qualified Bids, the Auction will be conducted at the offices of Lowenstein Sandler LLP, 65 Livingston Avenue, Roseland, New Jersey 07068, on **February 28, 2014, commencing at 10:00 a.m. (Eastern)**.  If the Debtors, in consultation with the Lenders and the Committee, adjourn the Auction, the Debtors are authorized to provide notice of such adjournment via their restructuring website at http://www.donlinrecano.com/dots, which notice shall constitute sufficient notice of such adjournment to all parties-in-interest.  Only Qualified Bidders will be permitted to bid at the Auction.

(e) **Conclusion of Auction**.  The Auction will conclude when no further proposals are presented by Qualified Bidders or at such other time as the Debtors, in consultation with the Lenders and the Committee, shall determine.

(f) **Backup Bidder**.  If for any reason the entity submitting the Winning Bid fails to consummate the Sale contemplated by the Winning Bid, or any of the transactions contemplated thereby, the entity submitting the second highest or best bid (the "Backup Bidder") will automatically be deemed to have submitted the highest and best bid and, which shall become the Winning Bid.  All bids must provide that they will remain open, and subject to selection as the Winning Bidder, and not subject to modification or termination until **March 7, 2014**.

(g) **Sale Hearing Time and Location**.  The Sale Hearing will be held before the Honorable Donald H. Steckroth, United States Bankruptcy Judge, at the United States Bankruptcy Court for the District of New Jersey, 50 Walnut Street, Courtroom 3B, Newark, New Jersey 07102, on **Monday, March 3, 2014 at 2:00 p.m. (Eastern)**.  The Sale Hearing may be adjourned without further notice other than the filing of a notice of adjournment on the docket in the Chapter 11 Cases, which notice will be available on the Debtors' restructuring website at http://www.donlinrecano.com/dots and shall constitute sufficient notice of such adjournment to all parties-in-interest.

(h) The Debtors may, in consultation with the Lenders and the Committee, reject any bid that does not comply with these requirements.

2. At the conclusion of the Auction, the Debtors shall file the Winning Bidder Notice on the docket in the Chapter 11 Cases, setting forth (a) the identity of the Winning Bidder, (b) the identity of the Backup Bidder, and (c) the list of Assumed Contracts under the Winning Bid.  Filing of the Winning Bidder Notice shall constitute a request by the Debtors for

approval at the Sale Hearing of the assumption by the Debtors of the Assumed Contracts and assignment thereof to the Winning Bidder.

**Selection of Qualified Bidders**

3. The following provisions related to the selection of Qualified Bidders are **APPROVED**:

   (a) **Form of Bid**. Each bid must be presented in substantially the same form as the Model Agreement provided to Prospective Bidders. Any Prospective Bidder that modifies the Model Agreement must submit both clean and marked copies of its Agreement as part of its bid.

   (b) **Contracts and Leases**. Each bid must identify with particularity all executory contracts and unexpired leases sought to be assumed and assigned.

   (c) **Cash Bids Only**. Each bid must be for an all-cash purchase price, denominated in United States Dollars, with no contingencies to closing other than Bankruptcy Court approval.

   (d) **As-Is, Where-Is**. Each bid shall be on an as-is, where-is basis, without warranty or representation of any kind by the Debtor, except as set forth in the Model Agreement.

   (e) **Financial Information**. All bids must be accompanied by information sufficient to enable the Debtors to ascertain the bidder's ability to close the proposed transaction, including (i) information about the bidder's financial condition, such as two years of federal tax returns, a current financial statement, and/or bank account statements; and (ii) information demonstrating, in the Debtors' reasonable business judgment in consultation with the Lenders and the Committee, that the Prospective Bidder has the financial capacity to consummate the proposed Sale. To the extent a Prospective Bidder's ability to consummate the proposed Sale will rely upon the financial wherewithal of any parties other than the Prospective Bidder, such bid shall include the foregoing financial information with respect to such parties.

   (f) **Financial Wherewithal**. A Bid must be accompanied by written evidence, documented to the Debtors' reasonable satisfaction, that demonstrates the Potential Bidder has available cash, a commitment for financing or the ability to timely obtain a satisfactory commitment if selected as the Successful Bidder (provided, however, that the closing of the Transaction shall not be contingent in any way on the Successful

        Bidder's financing) and such other evidence of ability to consummate the transaction as the Debtors may reasonably request, including proof that such funding commitments or other financing are not subject to any internal approvals, syndication requirements, diligence or credit committee approvals (<u>provided,</u> that such commitments may have covenants and conditions reasonably acceptable to the Debtors).

    (g)    **<u>Good Faith Deposit</u>**. Bids must be accompanied by (i) a certified check or wire transfer of immediately available funds, payable to "Lowenstein Sandler LLP Attorney Trust Account", in the amount of 10% of the cash amount of the bid, which funds will be deposited into a non-interest-bearing account (a "<u>Good Faith Deposit</u>"). The Good Faith Deposit will be retained by the Debtors until three (3) business days after the earlier of (i) the Closing Date, or (ii) twenty (20) days following the Sale Hearing. The Debtors shall retain indefinitely any Good Faith Deposit submitted by the Winning Bidder, which will be entitled to a credit against the purchase price of its Winning Bid for the actual amount of its Good Faith Deposit.

    (h)    **<u>Confidentiality</u>**. Unless otherwise ordered by the Court for cause shown, to participate in the bidding process, each Prospective Bidder must have delivered to the Debtors, on or before the Bid Deadline, an executed confidentiality agreement in form and substance satisfactory to the Debtors.

    (i)    **<u>Confirmation of Good Faith</u>**. Each Prospective Bidder must confirm in writing that it has not engaged in any collusion in the bidding process and that its bid represents a bona fide offer that it intends to consummate if selected as the Winning Bidder at the conclusion of the Auction. All bids must disclose the identity of the actual bidder's organization, including confirmation that the bid is being made as principal for the bidder's own account, and if not, the basis upon which the bidder is acting and the identities of all other participants (if any).

**<u>Auction Notice</u>**

    4.    The form of Auction Notice annexed to the Motion as <u>Exhibit B</u> is **APPROVED.**

    5.    Upon entry hereof, the Debtors shall serve a copy of this Order, together with the Auction Notice, via first-class mail upon (a) the Office of the United States Trustee for the District of New Jersey, (b) counsel for the Committee, (c) counsel to Salus, (d) counsel to the Debtors' pre-petition junior secured lenders, (e) all other entities known to have asserted any

liens, claims, or encumbrances in or upon the Debtors' assets, (f) all federal, state, and local regulatory or taxing authorities reasonably known by the Debtors to have an interest in the relief requested in the Motion, (g) all parties known by the Debtors to have expressed a bona fide interest in acquiring the Debtors' assets, (h) the Office of the United States Attorney, (i) all parties that have previously filed notices of appearance in the Chapter 11 Cases (collectively, the "Order Notice Parties").

6. Upon entry of this Order, the Debtors shall serve a copy of the Auction Notice, via first-class mail, upon all known creditors of the Debtors not otherwise identified in paragraph 5 above.

**Sale Objections**

7. Objections, if any, to the Sale ("Sale Objections") must be filed with the Court and served so as to be actually received by the Objection Notice Parties no later than 4:00 p.m. (Eastern) on March 1, 2014 (the "Sale Objection Deadline").  Any party that does not file and serve a Sale Objection in accordance with this Order shall be forever barred and estopped from asserting, and deemed to have waived, any and all objections to the Sale.

**Supplemental Briefing**

8. The Debtors are authorized, but not directed, to file a supplemental brief or briefs (the "Supplemental Brief") within two days after the Bid Deadline setting forth any additional issues not raised in the Motion that are relevant to the approval of any Qualified Bids.  The issues the Debtors may raise in any Supplemental Brief include, but are not limited to, Bid Protections for the Stalking Horse Bidder and any other provisions specific to any Qualified Bid.

9. The Debtors shall serve the Supplemental Brief, if one is filed, upon the Order Notice Parties and any other parties the Debtors reasonably determine are affected by the issues

raised in such Supplemental Brief via first-class mail. The Debtors shall make any Supplemental Brief available via their restructuring website at http://www.donlinrecano.com/dots, which shall constitute sufficient notice of such Supplemental Brief to all other parties-in-interest. If no objection to the Bid Protections proposed in any Supplemental Brief is received from any party-in-interest by **12:00 p.m. (Eastern) on February 27, 2014**, the Bid Protections will be deemed approved without further action by the Debtors. Objections to the relief sought in any Supplemental Brief, other than Bid Protections, may be raised at any time prior to the Sale Objection Deadline. **All parties are advised to check the Debtors' restructuring website periodically for updates regarding the Sale process.**

**Other Provisions**

10. This Order shall be binding upon and inure to the benefit of the Winning Bidder, the Backup Bidder, and their respective affiliates, successors, and assigns, and the Debtors, including any trustee or other fiduciary appointed for the Debtors' estates, whether in these Chapter 11 Cases or any subsequent bankruptcy case or upon dismissal of these Chapter 11 Cases.

11. The fourteen-day stay of effectiveness of this Order under Bankruptcy Rules 6004(h) and 6006(d) is hereby waived. This Order shall be effective and enforceable immediately upon its entry on the docket in the Chapter 11 Cases.

12. This Court shall retain jurisdiction over any matters related to or arising from the implementation or interpretation of this Order.