**LOWENSTEIN SANDLER LLP**
Kenneth A. Rosen, Esq.
John K. Sherwood, Esq.
Andrew Behlmann, Esq.
65 Livingston Avenue
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-2400 (Facsimile)

*Counsel to the Debtors and*
*Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| **Dots, LLC,** *et al.*, [1] | Case No. 14-11016 (DHS) |
| Debtors. | (Jointly Administered) |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER FIXING**
**PREPETITION CURE COSTS WITH RESPECT TO CERTAIN**
**UNEXPIRED LEASES OF NON-RESIDENTIAL REAL PROPERTY**

The above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**"), by and through their undersigned counsel, submit this motion (the "**Motion**") for entry of an order substantially in the form submitted herewith (the "**Order**") fixing the prepetition cure costs applicable to certain unexpired leases of non-residential real property (the "**Leases**") in the event such Leases are assumed by the Debtors and assigned to another party.[2] In support of this Motion, the Debtors rely upon the *Declaration of Lisa Rhodes, Chief Executive Officer of Dots,*

---

[1] The Debtors in these chapter 11 cases are Dots, LLC, IPC/Dots LLC, and Dots Gift LLC. The last four digits of Dots, LLC's and IPC/Dots LLC's tax identification numbers are (3957) and (8282), respectively.

[2] **Nothing herein or in the Cure Costs Order constitutes, or shall be deemed or construed to constitute, an assumption or agreement to assume any Lease.**

29066/2

02/14/2014 28611460.2

*LLC, in Support of Chapter 11 Petitions and First Day Pleadings* (the "**Rhodes Declaration**") [D.I. 19] and respectfully state as follows:

## JURISDICTION

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The predicates for the relief requested herein are §§ 105, 365, and 502 of title 11 of the United States Code (the "**Bankruptcy Code**").

## GENERAL BACKGROUND

3. On January 20, 2014 (the "**Petition Date**"), the Debtors commenced these chapter 11 bankruptcy cases (the "**Chapter 11 Cases**") by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to manage their properties and operate their businesses as debtors-in-possession under §§ 1107 and 1108 of the Bankruptcy Code.

4. On February 7, 2014, the official committee of unsecured creditors (the "**Committee**") was appointed in these Chapter 11 Cases.

5. On January 21, 2014, the Debtors filed a motion seeking (a) approval of auction procedures for the sale of substantially all of their assets and (b) following the auction, approval of a sale to the winning bidder. In connection with the sale of the Debtors' assets, the Debtors anticipate that certain of the Leases may be assumed and assigned to the purchaser.

## RELIEF REQUESTED

6. By this Motion, the Debtors seek entry of an order fixing the prepetition cure costs associated with the possible assumption and assignment (the "**Cure Costs**") of each Lease

in the amounts indicated on **Exhibit 1** to the Cure Costs Order.

## BASIS FOR RELIEF REQUESTED

7.  Pursuant to section 365 of the Bankruptcy Code, a debtor may, subject to court approval, assume unexpired leases of nonresidential real property.  11 U.S.C. § 365(a).  Section 365 of the Bankruptcy Code requires that if there has been a default under an unexpired lease, the debtor cannot assume such lease unless the debtor

> (A) cures, or provides adequate assurance that [it] will promptly cure, such default other than a default that is a breach of a provision relating to the satisfaction of any provision . . . relating to a default arising from any failure to perform nonmonetary obligations under an unexpired lease of real property . . .;
>
> (B) compensates, or provides adequate assurance that [it] will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and
>
> (C) provides adequate assurance of future performance under such contract or lease.

8.  The Debtors' books and records reflect that the Cure Costs set forth on **Exhibit 1** to the Cure Costs Order represent the prepetition amounts due in respect of the applicable Leases.  The Debtors respectfully request that the Court enter the Cure Costs Order, fixing the Cure Costs at the amounts set forth on **Exhibit 1** to the Cure Costs Order.

## OBJECTIONS

9.  Objections, if any, to the relief sought in this Motion shall be filed with the Court and served upon counsel for the Debtors at the following address so as to be received on or before **February 28, 2014 at 4:00 p.m. (Eastern Time)** (the "**Objection Deadline**"):

Lowenstein Sandler LLP
Attn: John K. Sherwood and Andrew Behlmann
65 Livingston Avenue, Roseland, NJ 07068
jsherwood@lowenstein.com
abehlmann@lowenstein.com
sdai@lowenstein.com

The Debtors will endeavor to consensually resolve any objections to the Motion prior to the hearing hereon.

## WAIVER OF MEMORANDUM OF LAW

10. Because the legal points and authorities upon which this Motion rely are incorporated herein and do not raise any novel issues of law, the Debtors respectfully request that the requirement of the service and filing of a separate memorandum of law pursuant to Local Rule 9013-2 be deemed waived.

## NOTICE

11. Notice of this Motion has been given by regular mail and electronic mail (to parties and counsel for whom the Debtors have e-mail addresses) to (i) the Office of the United States Trustee for the District of New Jersey, (ii) counsel for the Official Committee of Unsecured Creditors, (iii) counsel for the Pre-Petition Senior Lender and DIP Lender, (iv) counsel for the Pre-Petition Subordinated Lenders, (iv) each non-debtor counterparty to the Leases, and (v) all parties that have previously filed notices of appearance in these Chapter 11 Cases. The Debtors submit that no other or further notice of this Motion is required.

## NO PRIOR REQUEST

12. No previous motion for the relief sought herein has been made to this or to any other court.

**WHEREFORE**, the Debtors respectfully request that this Court enter the Cure Costs Order, substantially in the form submitted herewith as **Exhibit A**.

Dated: February 14, 2014

        Respectfully submitted,

        **LOWENSTEIN SANDLER LLP**
        */s/ Kenneth A. Rosen*
        Kenneth A. Rosen, Esq.
        John K. Sherwood, Esq
        Andrew Behlmann, Esq.
        65 Livingston Avenue
        Roseland, New Jersey 07068
        (973) 597-2500 (Telephone)
        (973) 597-2400 (Facsimile)

        *Counsel to the Debtors and*
        *Debtors-in-Possession*

# EXHIBIT A
# Proposed Order

29066/2

02/14/2014 28611460.2