*Order Filed on 2/19/2014 by Clerk U.S. Bankruptcy Court District of New Jersey*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
Caption in compliance with D.N.J. LBR 9004-2(c)

**LOWENSTEIN SANDLER LLP**
Kenneth A. Rosen, Esq.
John K. Sherwood, Esq.
Andrew Behlmann, Esq.
65 Livingston Avenue
Roseland, New Jersey 07068
Tel: (973) 597-2500
Fax: (973) 597-2400

*Counsel to the Debtors and Debtors-in-Possession*

| | |
|---|---|
| In re: | Chapter 11 |
| Dots, LLC, *et al.*,[1] | Case No. 14-11016 (DHS) |
| Debtors. | (Joint Administration Requested) |

### ORDER APPROVING AUCTION PROCEDURES

The relief set forth on the following pages, numbered two (2) through and including ten (10), is hereby ORDERED.

**DATED: 2/19/2014**

Honorable Donald H. Steckroth
United States Bankruptcy Judge

---

[1] The Debtors in these chapter 11 cases are Dots, LLC (3957), IPC/Dots LLC (8282), and Dots Gift LLC. The last four digits of Dots, LLC's and IPC/Dots LLC's tax identification numbers are (3957) and (8282), respectively

Case 14-11016-MBK    Doc 242    Filed 02/19/14    Entered 02/19/14 16:58:39    Desc Main
Document    Page 2 of 14

Page:    2
Debtor:  Dots, LLC, *et al.*
Case No.: 14-11016 (DHS)
Caption: Order Approving Auction Procedures

Upon consideration of the motion (the "Motion")[2] of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") for entry of orders approving the Auction Procedures and the Sale and granting related relief; and the Court finding that (a) it has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334, (b) this matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2), and (c) venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Motion being sufficient under the circumstances; and it appearing that no other or further notice is required; and the Court having determined that the relief sought in the Motion is in the best interests of the Debtors and their estates and creditors; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY FOUND AND DETERMINED THAT:**[3]

A.    The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

B.    Under the exigent circumstances, due, proper, and sufficient notice of the Motion and a reasonable opportunity to object was given, and no other or further notice need be provided, except as set forth herein with respect to the Sale Hearing.

C.    The Auction Procedures are fair, reasonable, and appropriate, reflect a sound exercise of the Debtors' business judgment and fiduciary duties, and are designed to maximize the value realized by the Debtors' estates through the sale.

D.    The Auction Notice is appropriate and reasonably calculated to provide all

---

[2] Capitalized terms used but not defined herein have the meanings ascribed thereto in the Motion.

[3] Pursuant to Bankruptcy Rule 7052, made applicable to this proceeding by Bankruptcy Rule 9014, findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact, as appropriate.

Case 14-11016-MBK    Doc 242    Filed 02/19/14    Entered 02/19/14 16:58:39    Desc Main
Document    Page 3 of 14

Page:     3
Debtor:   Dots, LLC, *et al.*
Case No.: 14-11016 (DHS)
Caption:  Order Approving Auction Procedures

interested parties with adequate, timely, and proper notice of the Auction, the Sale Hearing, and the Auction Procedures, and complies with all applicable provisions of the Bankruptcy Code, Bankruptcy Rules, and Local Rules. No further notice of the Motion, the Auction, the Sale Hearing, or the Auction Procedures is required.

E. The entry of this Order is in the best interests of the Debtors, their estates and creditors, and all other parties-in-interest in these Chapter 11 Cases.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is **GRANTED** to the extent set forth herein.

**Auction Procedures**

2. The following Auction Procedures are **APPROVED**:

(a) **Stalking Horse Notice**. If the Debtors, in consultation with the Lenders and the Committee, select a Stalking Horse Bid, then on or before **February 21, 2014**, the Debtors shall file on the docket and circulate to all parties that have submitted bids a notice of the bid or bids selected as the Stalking Horse Bid (the "Stalking Horse Notice"). The Stalking Horse Notice shall include (i) a copy of the Agreement embodying the Stalking Horse Bid, (ii) a summary of any break-up fee, expense reimbursement, or other similar bidder protections ("Bid Protections") contemplated by the Stalking Horse Bid, (iii) a summary of the material terms of the Stalking Horse Bid as required by the *Guidelines for Sale of Estate Property* set forth in the Appendix to Local Rule 6004-1, (iv) the proposed form of order approving the Sale, and (v) a summary of the bidding increments that the Debtors, in consultation with the Lenders and the Committee, establish for the initial overbid above the Stalking Horse Bid at the Auction and any overbids thereafter. **Nothing herein shall require the Debtors to select a Stalking Horse Bid.**

(b) **Bid Protections**. To the extent the Stalking Horse Bid, if one is selected, contemplates the payment of a break-up fee, expense reimbursement, minimum overbid increments, or any other Bid Protections, then (i) the Debtors shall request approval thereof in the Supplemental Brief (as defined below) and (ii) the Court will hold a telephone conference on **Friday, February 21, 2014 at 2:00 p.m. (Eastern)** to consider approval of such Bid Protections.

Case 14-11016-MBK    Doc 242    Filed 02/19/14    Entered 02/19/14 16:58:39    Desc Main
Document    Page 4 of 14

Page:     4
Debtor:   Dots, LLC, *et al.*
Case No.: 14-11016 (DHS)
Caption:  Order Approving Auction Procedures

(c) **Competing Bid Deadline**. Competing bids may be submitted through and including **February 25, 2014** (the "Bid Deadline"). The Debtors, in their discretion and in consultation with the Lenders and the Committee, may permit parties to submit bids after the Bid Deadline.

(d) **Selection of Winning Bid**. The bid or combination of bids that the Debtors determine, in consultation with the Lenders and the Committee, is the highest and best bid at the conclusion of the Auction, based on terms and conditions consistent with those set forth in the Model Agreement, shall be deemed the Winning Bid, subject to Court approval, and the Winning Bidder shall be required to enter into a definitive Agreement memorializing the Winning Bid before the Auction is adjourned.

(e) **Auction Time and Location**. If the Debtors receive two or more Qualified Bids, the Auction will be conducted at the offices of Lowenstein Sandler LLP, 65 Livingston Avenue, Roseland, New Jersey 07068, on **February 26, 2014, commencing at 9:00 a.m. (Eastern)**. If the Debtors, in consultation with the Lenders and the Committee, adjourn the Auction, the Debtors are authorized to provide notice of such adjournment via their restructuring website at http://www.donlinrecano.com/dots, which notice shall constitute sufficient notice of such adjournment to all parties-in-interest. Only Qualified Bidders will be permitted to bid at the Auction.

(f) **Conclusion of Auction**. The Auction will conclude when no further proposals are presented by Qualified Bidders or at such other time as the Debtors, in consultation with the Lenders and the Committee, shall determine.

(g) **Backup Bidder**. If for any reason the entity submitting the Winning Bid fails to consummate the Sale contemplated by the Winning Bid, or any of the transactions contemplated thereby, the entity submitting the second highest or best bid (the "Backup Bidder") will automatically be deemed to have submitted the highest and best bid and, which shall become the Winning Bid. All bids must provide that they will remain open, and subject to selection as the Winning Bidder, and not subject to modification or termination until **March 7, 2014**.

(h) **Sale Hearing Time and Location**. The Sale Hearing will be held before the Honorable Donald H. Steckroth, United States Bankruptcy Judge, at the United States Bankruptcy Court for the District of New Jersey, 50 Walnut Street, Courtroom 3B, Newark, New Jersey 07102, on **Thursday, February 27, 2014 at 1:00 p.m. (Eastern)**. The Sale Hearing may be adjourned without further notice other than announcement in open court and/or the filing of a notice of adjournment on the docket in the Chapter 11 Cases, which notice will be available on the Debtors' restructuring

Case 14-11016-MBK    Doc 242    Filed 02/19/14    Entered 02/19/14 16:58:39    Desc Main
Document    Page 5 of 14

Page:     5
Debtor:   Dots, LLC, *et al.*
Case No.: 14-11016 (DHS)
Caption:  Order Approving Auction Procedures

website at http://www.donlinrecano.com/dots and shall constitute sufficient notice of such adjournment to all parties-in-interest.

(i) The Debtors may, in consultation with the Lenders and the Committee, reject any bid that does not comply with these requirements.

3. At the conclusion of the Auction, the Debtors shall file the Winning Bidder Notice on the docket in the Chapter 11 Cases, attaching a copy of the agreement embodying the Winning Bid and setting forth (a) the identity of the Winning Bidder, (b) the identity of the Backup Bidder, and (c) the list of Assumed Contracts, if any, under the Winning Bid. Filing of the Winning Bidder Notice shall constitute a request by the Debtors for approval at the Sale Hearing of the assumption by the Debtors of the Assumed Contracts and assignment thereof to the Winning Bidder.

**Selection of Qualified Bidders**

4. The following provisions related to the selection of Qualified Bidders are **APPROVED**:

(a) **Form of Bid**. Each bid must be presented in substantially the same form as the Model Agreement provided to Prospective Bidders. Any Prospective Bidder that modifies the Model Agreement must submit both clean and marked copies of its Agreement as part of its bid.

(b) **Contracts and Leases**. Each bid must identify with particularity all executory contracts and unexpired leases sought to be assumed and assigned.

(c) **Cash Bids Only**. Each bid must be for an all-cash purchase price, denominated in United States Dollars, with no contingencies to closing other than Bankruptcy Court approval.

(d) **As-Is, Where-Is**. Each bid shall be on an as-is, where-is basis, without warranty or representation of any kind by the Debtor, except as set forth in the Model Agreement.

(e) **Financial Information**. All bids must be accompanied by information sufficient to enable the Debtors to ascertain the bidder's

Case 14-11016-MBK    Doc 242    Filed 02/19/14    Entered 02/19/14 16:58:39    Desc Main
Document      Page 6 of 14

Page:       6
Debtor:     Dots, LLC, *et al.*
Case No.:   14-11016 (DHS)
Caption:    Order Approving Auction Procedures

ability to close the proposed transaction, including (i) information about the bidder's financial condition, such as two years of federal tax returns, a current financial statement, and/or bank account statements; and (ii) information demonstrating, in the Debtors' reasonable business judgment in consultation with the Lenders and the Committee, that the Prospective Bidder has the financial capacity to consummate the proposed Sale. To the extent a Prospective Bidder's ability to consummate the proposed Sale will rely upon the financial wherewithal of any parties other than the Prospective Bidder, such bid shall include the foregoing financial information with respect to such parties. If a Prospective Bidder's bid contemplates the assumption and assignment of any Lease(s) (as defined below), such bid shall include Adequate Assurance Information (as defined below) regarding the proposed assignee or assignees. To the extent a Prospective Bidder's ability to consummate the proposed Sale will rely upon the financial wherewithal of any parties other than the Prospective Bidder, such bid shall include the foregoing financial information with respect to such parties. If a Prospective Bidder's bid contemplates the assumption and assignment of any Lease(s) (as defined below), such bid shall include Adequate Assurance Information (as defined below) regarding the proposed assignee or assignees.

(f) **Good Faith Deposit**. Bids must be accompanied by (i) a certified check or wire transfer of immediately available funds, payable to "Lowenstein Sandler LLP Attorney Trust Account", in the amount of 10% of the cash amount of the bid, which funds will be deposited into a non-interest-bearing account (a "<u>Good Faith Deposit</u>"). The Good Faith Deposit will be retained by the Debtors until three (3) business days after the earlier of (i) the Closing Date, or (ii) twenty (20) days following the Sale Hearing. The Debtors shall retain indefinitely any Good Faith Deposit submitted by the Winning Bidder, which will be entitled to a credit against the purchase price of its Winning Bid for the actual amount of its Good Faith Deposit.

(g) **Confidentiality**. Unless otherwise ordered by the Court for cause shown or agreed to by the Debtors, to participate in the bidding process, each Prospective Bidder must have delivered to the Debtors, on or before the Bid Deadline, an executed confidentiality agreement in form and substance satisfactory to the Debtors.

(h) **Confirmation of Good Faith**. Each Prospective Bidder must confirm in writing that it has not engaged in any collusion in the bidding process and that its bid represents a bona fide offer that it intends to consummate if selected as the Winning Bidder at the conclusion of the Auction. All bids must disclose the identity of the actual bidder's organization, including confirmation that the bid is being made as principal for the bidder's own

Case 14-11016-MBK    Doc 242    Filed 02/19/14    Entered 02/19/14 16:58:39    Desc Main
                Document      Page 7 of 14

Page:     7
Debtor:   Dots, LLC, *et al.*
Case No.: 14-11016 (DHS)
Caption:  Order Approving Auction Procedures

account, and if not, the basis upon which the bidder is acting and the identities of all other participants (if any).

**Auction Notice**

5.  The form of Auction Notice annexed hereto as **Exhibit 1** is **APPROVED.**

6.  Upon entry hereof, the Debtors shall serve a copy of this Order, together with the Auction Notice, via first-class mail upon (a) the Office of the United States Trustee for the District of New Jersey, (b) counsel for the Committee, (c) counsel to Salus, (d) counsel to the Debtors' pre-petition junior secured lenders, (e) all other entities known to have asserted any liens, claims, or encumbrances in or upon the Debtors' assets, (f) all federal, state, and local regulatory or taxing authorities reasonably known by the Debtors to have an interest in the relief requested in the Motion, (g) all parties known by the Debtors to have expressed a bona fide interest in acquiring the Debtors' assets, (h) the Office of the United States Attorney, (i) the offices of the attorneys general for each state in which the Debtors operate a store, (j) the National Association of Attorneys General, (k) all parties that have previously filed notices of appearance in the Chapter 11 Cases (collectively, the "Order Notice Parties").

7.  Upon entry of this Order, the Debtors shall serve a copy of the Auction Notice, via first-class mail, upon all known creditors of the Debtors not otherwise identified in paragraph 6 above.

**Lease Provisions**

8.  The Debtors shall use commercially reasonable efforts to obtain from each Qualified Bidder whose Qualified Bid contemplates the assumption and assignment of any unexpired leases of real property ("Lease(s)") certain information regarding the financial wherewithal of and proposed future use of the leased properties by such Qualified Bidder or the proposed assignee of such Lease, if different from

*Approved by Judge Donald H. Steckroth February 19, 2014*

Case 14-11016-MBK    Doc 242    Filed 02/19/14    Entered 02/19/14 16:58:39    Desc Main
Document    Page 8 of 14

Page: 8
Debtor: Dots, LLC, *et al.*
Case No.: 14-11016 (DHS)
Caption: Order Approving Auction Procedures

the Qualified Bidder, consisting of (a) the intended use of the premises with proposed trade name, (b) prior year's balance sheet and income statement, (c) federal income tax returns for the most recent two years, (d) pro forma capitalization of debt and equity at closing and for the two-year period after the closing date, and (e) a brief discussion of such Qualified Bidder's business plan, including experience operating a retail women's apparel and accessories chain, if applicable (collectively, the "Adequate Assurance Information"). Upon receipt of any Qualified Bid that contemplates the assumption and assignment of any Lease, the Debtors shall, upon request, make available to any of the Debtors' landlords that confirm in writing (e-mail is sufficient) their agreement to keep such Adequate Assurance Information confidential, to use the Adequate Assurance Information solely to assess a Qualified Bidder's ability to perform under the applicable Lease(s) and the Debtors' ability to provide adequate assurance of such Qualified Bidder's future performance, and to destroy or return such Adequate Assurance Information promptly following the closing of a Sale to any other Qualified Bidder, the following information: (x) the Adequate Assurance Information for each Qualified Bidder whose Qualified Bid contemplates the assumption and assignment of any Lease to which such landlord is a party and (y) contact information for the individual at such Qualified Bidder who will be available for follow-up communications with counterparties to Leases subject to potential assignment to such Qualified Bidder.

9. The Debtors have filed a separate motion seeking entry of an order fixing prepetition cure costs applicable to the Leases (the "Cure Motion"). Nothing in this Order shall be deemed to (a) fix the prepetition or postpetition cure amounts applicable to any Lease or (b) alter the rights of the non-Debtor counterparty to any Lease to object to the relief sought in the Cure Motion. For the avoidance of doubt, the rights of all non-Debtor counterparties to Leases to object to the assumption and assignment of such Leases on any basis, including but not limited to the provision of adequate assurance of future performance and resolution of cure amounts, are

Case 14-11016-MBK    Doc 242    Filed 02/19/14    Entered 02/19/14 16:58:39    Desc Main
Document      Page 9 of 14

Page:     9
Debtor:   Dots, LLC, *et al.*
Case No.: 14-11016 (DHS)
Caption:  Order Approving Auction Procedures

preserved for the Sale Hearing.

10. In the event the Winning Bid includes a sale of the right to designate the assignees of any Leases for a period after the closing of the Sale, any assumption and assignment of such Lease shall be subject to the payment of any applicable cure amounts (or such other treatment of cure amounts as may be agreed to by the applicable non-Debtor counterparty to such Lease) and either (a) provision of information acceptable to the applicable non-Debtor counterparty to such Lease with respect to the proposed assignee's ability to continue to perform under such Lease or (b) further order of the Court finding that the Debtors have provided adequate assurance of the proposed assignee's ability to continue to perform under such Lease.

**Sale Objections**

11. Objections, if any, to the Sale ("Sale Objections") may be made at the Sale Hearing. Any party that does not object to the Sale shall be forever barred and estopped from asserting, and deemed to have waived, any and all objections to the Sale.

**Supplemental Briefing**

12. The Debtors are authorized, but not directed, to file a supplemental brief or briefs (the "Supplemental Brief") in conjunction with the filing of the Stalking Horse Notice setting forth any additional issues not raised in the Motion that are relevant to the approval of any Qualified Bids, including the Bid Protections.

13. The Debtors shall serve the Supplemental Brief, if one is filed, upon the Order Notice Parties and any other parties the Debtors reasonably determine are affected by the issues raised in such Supplemental Brief via CM/ECF and electronic mail (and via overnight mail to any Order Notice Parties for whom the Debtors do not have e-mail addresses). The Debtors shall make any Supplemental Brief available via their restructuring website at

*Approved by Judge Donald H. Steckroth February 19, 2014*

Case 14-11016-MBK    Doc 242    Filed 02/19/14    Entered 02/19/14 16:58:39    Desc Main
Document      Page 10 of 14

Page:       10
Debtor:     Dots, LLC, *et al.*
Case No.:   14-11016 (DHS)
Caption:    Order Approving Auction Procedures

http://www.donlinrecano.com/dots, which, in addition to the notice specified above, shall constitute sufficient notice of such Supplemental Brief to all other parties-in-interest. **All parties are advised to check the Debtors' restructuring website periodically for updates regarding the Sale process.**

**Other Provisions**

14. This Order shall be binding upon and inure to the benefit of the Winning Bidder, the Backup Bidder, and their respective affiliates, successors, and assigns, and the Debtors, including any trustee or other fiduciary appointed for the Debtors' estates, whether in these Chapter 11 Cases or any subsequent bankruptcy case or upon dismissal of these Chapter 11 Cases.

15. The fourteen-day stay of effectiveness of this Order under Bankruptcy Rules 6004(h) and 6006(d) is hereby waived. This Order shall be effective and enforceable immediately upon its entry on the docket in the Chapter 11 Cases.

16. This Court shall retain jurisdiction over any matters related to or arising from the implementation or interpretation of this Order.

# **EXHIBIT 1**
# **AUCTION NOTICE**

*Approved by Judge Donald H. Steckroth February 19, 2014*

**LOWENSTEIN SANDLER LLP**
Kenneth A. Rosen, Esq.
John K. Sherwood, Esq
Andrew Behlmann, Esq.
65 Livingston Avenue
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-2400 (Facsimile)

*Counsel to the Debtors and*
*Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| **Dots, LLC, *et al.*,** [1] | Case No. 14-11016 (DHS) |
| Debtors. | (Joint Administration Requested) |

**NOTICE OF BIDDING PROCEDURES, AUCTION, AND SALE HEARING**

**PLEASE TAKE NOTICE** that on January 20, 2014, the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

**PLEASE TAKE FURTHER NOTICE** that on January 31, 2014, the Debtors filed a motion (the "Motion") seeking entry of orders (i) (a) approving procedures (the "Auction Procedures") for the solicitation of bids and, if two or more Qualified Bids (as defined in the Motion) are received, for the conduct of an auction (the "Auction") for the sale of substantially all of the Debtors' assets free and clear of all liens, claims, encumbrances, and interests (the "Sale") and (b) scheduling a hearing (the "Sale Hearing") to consider approval of the Sale to the winning bidder at the Auction (the "Winning Bidder"); and (ii) (a) after the Auction and Sale Hearing, approving the Sale to the Winning Bidder, (b) approving the assumption and assignment of any executory contracts and unexpired leases to be assumed by the Winning Bidder in connection with the Sale, and (c) granting related relief.

**PLEASE TAKE FURTHER NOTICE** that the Debtors are soliciting offers for the purchase of substantially all of their assets pursuant to an order entered by the Bankruptcy Court

---

[1] The Debtors in these chapter 11 cases are Dots, LLC, IPC/Dots LLC, and Dots Gift LLC. The last four digits of Dots, LLC's and IPC/Dots LLC's tax identification numbers are (3957) and (8282), respectively.

*Approved by Judge Donald H. Steckroth February 19, 2014*

on February 19, 2014 (the "Auction Procedures Order"), a copy of which is available on the Debtors' restructuring website at http://www.donlinrecano.com/dots.[2] *This notice is qualified in its entirety by the Auction Procedures Order, which all interested bidders are encouraged to review the Auction Procedures Order in its entirety.*

**PLEASE TAKE FURTHER NOTICE** that dates, times, and locations for the Auction, Sale Hearing, and related deadlines are as follows:

| **Competing Bid Deadline** | **February 25, 2014** |
|---|---|
| **Auction** | **February 26, 2014, at 9:00 a.m. (Eastern)** <br> Lowenstein Sandler LLP <br> 65 Livingston Avenue (East Building) <br> Roseland, New Jersey 07068 |
| **Sale Objection Deadline** | **At the Sale Hearing** |
| **Sale Hearing**[3] | **February 27, 2014 at 1:00 p.m. (Eastern)** <br> United States Bankruptcy Court <br> District of New Jersey <br> Honorable Donald H. Steckroth <br> 50 Walnut Street, Courtroom 3B <br> Newark, New Jersey 07102 |

**PLEASE TAKE FURTHER NOTICE** that if the Debtors select a Stalking Horse Bidder, the Debtors will file the Stalking Horse Notice on or before **February 21, 2014**. The Stalking Horse Notice will include (a) a copy of the Agreement embodying the Stalking Horse Bid, (b) a summary of any break-up fee, expense reimbursement, or other similar bidder protections contemplated by the Stalking Horse Bid ("Bid Protections"), (c) a summary of the material terms of the Stalking Horse Bid as required by the *Guidelines for Sale of Estate Property* set forth in the Appendix to Local Bankruptcy Rule 6004-1, (d) the proposed form of order approving the Sale, and (e) a summary of the bidding increments the Debtors, in consultation with the Lenders and the Committee, have established for the initial overbid above the Stalking Horse Bid at the Auction and any overbids thereafter. If the Stalking Horse Bid contemplates the provision of Bid Protections, the Debtors will file a Supplemental Brief requesting approval of such Bid Protections on or before **February 21, 2014** and the Court will conduct a telephonic hearing on **February 21, 2014 at 2:00 p.m. (Eastern)** to consider approval of such Bid Protections.

**PLEASE TAKE FURTHER NOTICE** that within two days after the Bid Deadline, that Debtors may file on the docket in the Chapter 11 Cases one or more Supplemental Briefs related to issues raised by the Stalking Horse Bid, if any, or any Qualified Bid, including but not limited to the approval of any Bid Protections. Copies of any Supplemental Brief will be available on the Debtors' restructuring website at http://www.donlinrecano.com/dots and will be served only upon the Order Notice Parties and any other parties the Debtors reasonably determine are

---

[2] Capitalized terms used but not defined herein have the meanings ascribed thereto in the Auction Procedures Order.

[3] The Sale Hearing may be adjourned from time to time without further notice other than by announcement of the adjournment in open court on the date schedule for the Sale Hearing and the filing of a notice of adjournment on the Court's docket.

*Approved by Judge Donald H. Steckroth February 19, 2014*

affected by the issues raised in such Supplemental Brief.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Sale ("Sale Objections") may be made at the Sale Hearing. Any party that does not object to the Sale will be forever barred and estopped from asserting, and deemed to have waived, any and all objections to the Sale.

**PLEASE TAKE FURTHER NOTICE** that the deadlines, Sale Hearing date, and other dates set forth herein may be adjourned from time to time without further notice other than by announcement of the adjournment in open court and/or the filing of a notice of adjournment on the Court's docket. Parties receiving this notice are encouraged to visit the Debtors' restructuring website at http://www.donlinrecano.com/dots to obtain a copy of the Motion and view up-to-date information regarding the Sale, including any adjourned deadlines or other dates, located under the "Sale Documents" tab.

Dated: February 19, 2014         **LOWENSTEIN SANDLER LLP**

*/s/ Kenneth A. Rosen*_____
Kenneth A. Rosen, Esq.
John K. Sherwood, Esq
Andrew Behlmann, Esq.
65 Livingston Avenue
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-2400 (Facsimile)

*Counsel to the Debtors and
Debtors-in-Possession*

*Approved by Judge Donald H. Steckroth February 19, 2014*