Order Filed on
2/21/2014
by Clerk U.S. Bankruptcy
Court District of New Jersey

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
**Caption in compliance with D.N.J. LBR 9004-2(c)**

**LOWENSTEIN SANDLER LLP**
Kenneth A. Rosen, Esq.
John K. Sherwood, Esq.
Andrew Behlmann, Esq.
65 Livingston Avenue
Roseland, New Jersey 07068
Tel: (973) 597-2500
Fax: (973) 597-2400

*Counsel to the Debtors and
Debtors-in-Possession*

| | |
|---|---|
| In re: | Chapter 11 |
| Dots, LLC, *et al.*,[1] | Case No. 14-11016 (DHS) |
| Debtors. | (Joint Administration Requested) |

## SUPPLEMENTAL ORDER APPROVING AUCTION PROCEDURES

The relief set forth on the following pages, numbered two (2) through and including six (6), is hereby ORDERED.

**DATED: 2/21/2014**

Honorable Donald H. Steckroth
United States Bankruptcy Judge

---

[1] The Debtors in these chapter 11 cases are Dots, LLC (3957), IPC/Dots LLC (8282), and Dots Gift LLC. The last four digits of Dots, LLC's and IPC/Dots LLC's tax identification numbers are (3957) and (8282), respectively

Page:     2
Debtor:   Dots, LLC, *et al.*
Case No.: 14-11016 (DHS)
Caption:  Supplemental Order Approving Auction Procedures

Upon consideration of (a) the motion (the "Motion")[2] of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") for entry of orders approving the Auction Procedures and the Sale and granting related relief, (b) the *Supplemental Brief of Debtors in Support of Approval of Stalking Horse Bid Protections* (the "Supplemental Brief"), and (c) the *Declaration of Perry M. Mandarino in Support of Approval of Stalking Horse Bid Protections*; and the Court finding that (x) it has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334, (y) this matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2), and (z) venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Motion being sufficient under the circumstances; and it appearing that no other or further notice is required; and the Court having determined that the relief sought in the Motion and the Supplemental Brief is in the best interests of the Debtors and their estates and creditors; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY FOUND AND DETERMINED THAT:**[3]

A.    The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

B.    Under the exigent circumstances, due, proper, and sufficient notice of the Motion and a reasonable opportunity to object was given, and no other or further notice need be provided, except as otherwise set forth in the *Order Approving Auction Procedures* (the "Auction Procedures Order") [Docket No. 242] with respect to the Sale Hearing.

---

[2]  Capitalized terms used but not defined herein have the meanings ascribed thereto in the Supplemental Brief.
[3]  Pursuant to Bankruptcy Rule 7052, made applicable to this proceeding by Bankruptcy Rule 9014, findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact, as appropriate.

Case 14-11016-MBK    Doc 271    Filed 02/21/14    Entered 02/21/14 16:16:28    Desc Main
Document    Page 3 of 6

Page:     3
Debtor:   Dots, LLC, *et al.*
Case No.: 14-11016 (DHS)
Caption:  Supplemental Order Approving Auction Procedures

C. The Debtors have demonstrated a compelling and sound business justification for authorizing the payment of the Bid Protections set forth in Section 16.12 of the Stalking Horse Agreement [Docket No. 252, Ex. A] (<u>provided</u> all references in the Order to the Bid Protections shall exclude the Break-Up Fee) to the Stalking Horse Bidder, as follows:

    a. the Bid Protections are the product of negotiations between the Debtors and the Stalking Horse Bidder conducted in good faith and at arm's length, and the Stalking Horse Agreement (including the Bid Protections) is the culmination of a process undertaken by the Debtors and their professionals to negotiate a transaction with a bidder who was prepared to pay the highest or otherwise best purchase price to date for the Debtors' assets to maximize the value of the Debtors' estates;

    b. the Bid Protections are an actual and necessary cost and expense of preserving the respective Debtors' estates; and

    c. the Bid Protections are fair, reasonable and appropriate in light of, among other things, the size and nature of the proposed Sale under the Stalking Horse Agreement, the substantial efforts that have been and will be expended by the Stalking Horse Bidder, notwithstanding that the proposed sale is subject to higher or better offers, and the substantial benefits the Stalking Horse Bidder has provided to the Debtors, their estates and creditors and all parties in interest herein, including, among other things, by increasing the likelihood that the Debtors will receive the best possible price for their assets.

D. The entry of this Order is in the best interests of the Debtors, their estates and

Case 14-11016-MBK    Doc 271    Filed 02/21/14    Entered 02/21/14 16:16:28    Desc Main
Document    Page 4 of 6

Page:       4
Debtor:     Dots, LLC, *et al.*
Case No.:   14-11016 (DHS)
Caption:    Supplemental Order Approving Auction Procedures

creditors, and all other parties-in-interest in these Chapter 11 Cases.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Bid Protections set forth in Section 16.12 of the Stalking Horse Agreement (excluding the Break-Up Fee) are APPROVED.

2. The Debtors are authorized to enter into the Stalking Horse Agreement, provided that the Debtors are not authorized to pay the Break-Up Fee absent further order of the Court. Nothing herein shall prejudice the Stalking Horse Bidder's right to apply for approval of the Break-Up Fee after the conclusion of the Auction.

3. The bid protections set forth in the Stalking Horse Agreement, including the (i) Expense Reimbursement (including Signage Costs), (ii) the Minimum Overbid Increment, and (iii) the assumption of the Merchandise Commitments, if any ((i)-(iii) being collectively defined herein as the "Bid Protections"), are a reasonable inducement for the Stalking Horse Bidder's offer to serve as Debtors' exclusive agent to conduct the Sale on the terms set forth in the Stalking Horse Agreement and compensation for the risks and lost opportunity costs incurred by the Stalking Horse Bidder. Solely for the purposes of determining the Winning Bid, any overbid submitted by the Stalking Horse Bidder shall be credited for the full amount of the Expense Reimbursement (excluding the Signage Costs) potentially payable by the Debtors.

4. Payment to the Stalking Horse Bidder of the Expense Reimbursement (including Signage Costs) (i) is an actual and necessary cost and expense of preserving the Debtors' estates within the meaning of Section 503(b) of the Bankruptcy Code entitled to super-priority status, (ii) is of substantial benefit to the Debtors' estates, (iii) is reasonable and appropriate, including in light of the size and nature of the proposed Sale and the efforts that have been and will be expended by the Stalking Horse Bidder, notwithstanding that the proposed Sale is subject to

Case 14-11016-MBK    Doc 271    Filed 02/21/14    Entered 02/21/14 16:16:28    Desc Main
Document      Page 5 of 6

Page:      5
Debtor:    Dots, LLC, *et al.*
Case No.:  14-11016 (DHS)
Caption:   Supplemental Order Approving Auction Procedures

higher or better offers, (iv) was negotiated on an arm's-length basis and in good faith, and (v) is necessary to ensure that Stalking Horse Bidder will continue to be bound to the offer contained in the Stalking Horse Agreement.

5. For purposes of the Auction Procedures Order, the Stalking Horse Agreement is a Qualified Bid and the Stalking Horse Bidder is a Qualified Bidder, notwithstanding the requirements that Potential Bidders must satisfy to be a Qualified Bidder.

6. The Bid Protections (excluding the Break-Up Fee) are hereby approved and, where applicable, shall be paid to the Stalking Horse Bidder as set forth in Section 16.12 of the Stalking Horse Agreement.

7. Pursuant to Sections 105, 363, 364, 503, 506 and 507 of the Bankruptcy Code, the Debtors are hereby authorized to pay, without further order of this Court, the Expense Reimbursement (including Signage Costs), pursuant to the terms and conditions set forth in the Stalking Horse Agreement and the Bidding Procedures.

8. The Expense Reimbursement (including Signage Costs), and the assumption by the Winning Bidder (if not the Stalking Horse Bidder) of the Merchandise Commitments, if any, by the Stalking Horse Bidder, shall be the sole remedy of the Stalking Horse Bidder if the Stalking Horse Asset Purchase Agreement is terminated under circumstances where the Bid Protections are payable. Anything in the Auction Procedures Order to the contrary notwithstanding, the Debtors shall not modify or amend the Bidding Procedures and/or Auction Procedures where the effect would be to waive any requirement that is included in the Bid Protections, including, but not limited to, the requirement that the Winning Bidder assume the Merchandise Commitments, if any, by the Stalking Horse Bidder.

Case 14-11016-MBK    Doc 271    Filed 02/21/14    Entered 02/21/14 16:16:28    Desc Main
Document    Page 6 of 6

Page:     6
Debtor:   Dots, LLC, *et al.*
Case No.: 14-11016 (DHS)
Caption:  Supplemental Order Approving Auction Procedures

9. No person or entity, other than the Stalking Horse, shall be entitled to any expense reimbursement, break-up fee, "topping," termination, or other similar fee or payment.

**Other Provisions**

10. This Order shall be binding upon and inure to the benefit of the Winning Bidder, the Backup Bidder, and their respective affiliates, successors, and assigns, and the Debtors, including any trustee or other fiduciary appointed for the Debtors' estates, whether in these Chapter 11 Cases or any subsequent bankruptcy case or upon dismissal of these Chapter 11 Cases.

11. The fourteen-day stay of effectiveness of this Order under Bankruptcy Rules 6004(h) and 6006(d) is hereby waived. This Order shall be effective and enforceable immediately upon its entry on the docket in the Chapter 11 Cases.

12. This Court shall retain jurisdiction over any matters related to or arising from the implementation or interpretation of this Order.

1662751.2

*Approved by Judge Donald H. Steckroth February 21, 2014*