Order Filed on 9/18/2014 by Clerk U.S. Bankruptcy Court District of New Jersey

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br><br>**Caption in Compliance with D.N.J. LBR 9004-2(c)**<br><br>**TRENK, DiPASQUALE,**<br>**DELLA FERA & SODONO, P.C.**<br>347 Mount Pleasant Avenue, Suite 300<br>West Orange, New Jersey 07052<br>(973) 243-8600<br>Joseph J. DiPasquale, Esq.<br>Thomas M. Walsh, Esq.<br>*Special Counsel to Debtors*<br>*and Debtors-in-Possession* | |
| In re:<br><br>DOTS, LLC, et al.,[1] | Case No.: 14-11016 (DHS)<br><br>Adv. No.:<br><br>Hearing Date: September 16, 2014<br><br>Judge: Donald H. Steckroth |

**ORDER ESTABLISHING PROCEDURES GOVERNING ADVERSARY PROCEEDINGS COMMENCED PURSUANT TO SECTIONS 547 AND 550 OF THE BANKRUPTCY CODE**

The relief set forth on the following pages, numbered two (2) through four (4) is hereby **ORDERED**.

**DATED: 9/18/2014**

Honorable Donald H. Steckroth
United States Bankruptcy Judge

---

[1] The Debtors in these Chapter 11 cases are Dots, LLC, IPC/Dots LLC, and Dots Gifts LLC

|  |  |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>FOR THE DISTRICT OF NEW JERSEY | |
| **TRENK, DiPASQUALE,**<br>**DELLA FERA & SODONO, P.C.**<br>347 Mount Pleasant Avenue, Suite 300<br>West Orange, New Jersey 07052<br>(973) 243-8600<br>Joseph J. DiPasquale, Esq.<br>Thomas M. Walsh, Esq.<br>*Special Counsel to Debtors*<br>*and Debtors-in-Possession* | |
| In re:<br><br>DOTS, LLC, et al.,[1]<br><br>                           Debtors. | Chapter 11<br><br>Lead Case No. 14-11016 (DHS)<br>(Jointly Administered) |

## ORDER ESTABLISHING PROCEDURES GOVERNING ADVERSARY PROCEEDINGS COMMENCED PURSUANT TO SECTIONS 547 AND 550 OF THE BANKRUPTCY CODE

**THIS MATTER,** having been brought before the Court by the debtors and debtors-in-possession, Dots, LLC, IPC/Dots, LLC and Dots Gifts LLC (collectively, the "Debtors"), by and through their undersigned special counsel, Trenk, DiPasquale, Della Fera & Sodono, P.C., upon the filing of a Motion for Entry of an Order Establishing Procedures Governing Adversary Proceedings Commenced Pursuant to Sections 547 and 550 of the Bankruptcy Code (the "Motion");[2] and the Court having jurisdiction to consider the Motion and grant the relief requested in the Motion; and consideration of the Motion being a core proceeding pursuant to 28 U.S.C. §157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having held a hearing to consider the requested relief in the Motion (the "Hearing"); and upon the record of the Hearing and all of the proceedings before the Court, the

---

[1] The Debtors in these Chapter 11 cases are Dots, LLC, IPC/Dots LLC, and Dots Gift LLC.
[2] Capitalized terms used in this Order but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

Court finds and determines that the relief requested in the Motion is in the best interests of the Debtors, creditors and all parties-in-interest, that the Debtors have provided due and adequate notice of the Motion and Hearing, that no other notice is necessary, and that the legal and factual bases set forth in the Motion establish just and sufficient cause to grant the relief requested therein, it is hereby:

**ORDERED,** that the Motion is granted; and it is further

**ORDERED**, that any and all objections to the entry of this Order that have not been withdrawn or resolved are overruled in their entirety; and it is further

**ORDERED,** that the procedures governing all parties to the Preference Actions, attached to the Motion as Exhibit "A" (the "Preference Action Procedures") and incorporated herein by reference, are hereby approved and shall govern the Preference Actions, effective as of the date of this Order; and it is further

**ORDERED,** that the Debtors shall file a written status update every ninety (90) days after entry of this Order (and every 90 days thereafter).  Each written report shall list the status of each Preference Action and include the following information about each Preference Action, as applicable:  (i) the case name and adversary proceeding number; (ii) the date the summons was served; (iii) the date a responsive pleading was filed or is due; (iv) the date the Mediator's Report (defined herein) was filed; (v) whether the Preference Action has been consensually resolved; and (vi) the date on which any pretrial scheduling conference is scheduled or was held; and it is further

**ORDERED,** that the Bankruptcy Code, the Bankruptcy Rules and the Local Bankruptcy Rules shall apply to the Adversary Proceedings, except to the extent that they conflict with the Preference Action Procedures; and it is further

*Approved by Judge Donald H. Steckroth September  18, 2014*

**ORDERED,** that the time period set forth in this Order and the Preference Action Procedures shall be calculated in accordance with Bankruptcy Rule 9006(a); and it is further

**ORDERED,** that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order; and it is further

**ORDERED,** that this Order shall be effective immediately upon entry.

*Approved by Judge Donald H. Steckroth September 18, 2014*

# EXHIBIT "A"

# PREFERENCE ACTION PROCEDURES

A.  **Stipulation to Extend Time for Defendants to Respond to the Complaint, Mediation Before Response**

- Without further order of the Court, the Debtors and any Defendant may stipulate to up to two (2) extensions of time for a Defendant to respond to the Complaint (the "Response Due Date"), with each extension to be no more than thirty (30) days. The stipulation must be in writing to be binding on the Debtors, but is not required to be filed with the Court.

- Except as set forth above, further extensions of the Response Due Date shall not be granted except upon a motion or by stipulation of the Debtors and Defendant, approved by Order of the Court.

B.  **Stay of Requirement to Conduct Rule 26(f) Conference**

- The conference required by Federal Rule of Civil Procedure 26(f), made applicable pursuant to Bankruptcy Rule 7026 (mandatory meeting before scheduling conference/discovery plan) shall be stayed until the completion of mediation and, if the Preference Action is not resolved at the mediation, then after the Defendant's response is filed. Following the filing of the Mediator's Report and assuming the Preference Action was not resolved during the mediation, the parties shall conduct a Rule 26(f) conference and submit a proposed discovery scheduling order (the "Scheduling Order") to the Court prior to or at the Pretrial Scheduling Conference (as defined herein).

C.  **Stay of Requirement to Conduct Pretrial Conference**

- The conference required by Federal Rule of Civil Procedure 16, made applicable herein pursuant to Bankruptcy Rule 7016, shall be stayed until the completion of mediation. Accordingly, the summons filed and served by the Debtors will not include a date for a pretrial conference. Upon the filing of the Mediator's Report, with respect to each Preference Action that is not resolved through mediation or otherwise, the Debtors shall file with the Court and serve on the Defendant a notice of pretrial scheduling conference (the "Pretrial Scheduling Conference") to take place in the adversary proceeding at the next scheduled Omnibus Hearing; provided, however, that a minimum of fourteen (14) days' notice of the Pretrial Scheduling Conference is required.

*Approved by Judge Donald H. Steckroth September 18, 2014*

D. **Stay of Discovery**

- All formal discovery, including Rule 26 disclosures, shall be stayed until after a Scheduling Order is entered and after the Pretrial Scheduling Conference has occurred in accordance with these Proposed Procedures, provided, however, this stay of discovery shall in no way preclude the parties from informally exchanging documents and other information in an attempt to resolve a Preference Action in advance of, or during, the mediation process.

E. **Settlement of Preference Actions**

- The Debtors are authorized to compromise or settle the Preference Actions without court approval, provided that, in the event of a settlement where (y) the demand amount was $100,000.00 or less, the Debtors shall prepare a notice of settlement in the form annexed hereto as Exhibit "A" (the "Notice of Settlement") and serve same upon (i) the United States Trustee; (ii) counsel for Debtors; (iii) counsel for DIP Lenders; (iv) counsel for the Debtors' prepetition secured parties; (v) counsel for the Official Committee of Unsecured Creditors; (vi) GRL Capital Advisor LLC; and (vii) Edward P. Bond, C.P.A., the Debtors' Independent Director (the "Noticed Parties") and (z) the demand amount is greater than $100,000.00, the Debtors shall serve the Notice of Settlement on the Noticed Parties and all parties having filed a notice of appearance in the Debtors' bankruptcy cases, either by e-mail or first class mail.

F. **Stay of Filing Dispositive Motions Until After Mediation**

- Debtors and Defendants are prohibited from filing any dispositive motions including, but not limited to, any motions under Federal Rule of Civil Procedure 12(b)(1) to (7) (made applicable by Bankruptcy Rule 7012), and under Federal Rule of Civil Procedure 56 (made applicable by Bankruptcy Rule 7056) until after the mediator files a Mediator's Report signifying that the mediation is concluded and a settlement has not been reached.

G. **Mediation Procedures and Requirements**

- To the extent a Preference Action has not been resolved and/or settled by the Response Due Date, then said Preference Action shall be referred to mandatory mediation. However, if the parties jointly agree in writing (which writing shall be filed in the adversary proceeding) to enter mediation prior to the Response Due Date, the Response Due Date shall be deferred while the mediation is pending. If the mediation does not resolve the Preference Action, the Response Due Date shall be extended for thirty (30) days following the completion of mediation and the filing of the mediator's report (the "Mediator's Report"). The Court appointed Mediator shall be Raymond T. Lyons, Esq.

- The Mediator's fee shall be $500 per case, plus reasonable and actual expenses. The Mediator's fee and expenses shall be split equally by the parties, and payment arrangements reasonably satisfactory to the Mediator must be completed on or prior to the commencement of the mediation. If the Preference Action settles prior to the mediation statement being submitted, then no mediation fee shall be paid. If the Preference Action settles after submission of the mediation statement and not less than

2

two (2) days before the mediation session, then a 25% fee (25%=$125.00) shall be paid. If the Preference Action settles after the submission of the mediation session and one (1) day before the mediation session, then a 50% fee (50%=$250.00) shall be paid ("Mediator's Compensation Structure").

- Promptly after the earlier of the filing of (i) the answer, or (ii) the joint agreement to enter mediation before the Response Due Date, the Debtors and Defendant's counsel (or the Defendant, if appearing *pro se*) shall jointly contact the selected Mediator to discuss the mediation. Subject to the Mediator's availability, the Initial Mediation session will be scheduled within sixty (60) days of the earlier of the filing of (i) Defendant's answer or (ii) the joint agreement to enter mediation before the Response Due Date.

- The mediation shall take place in the Judge William F. Tuohey Settlement Conference Room located at United States Bankruptcy Court, 50 Walnut Street, Third Floor, Newark, New Jersey. The mediation may take place at a different location **only if** the Mediator, Debtors, and Defendant mutually agree on the location. If the Mediator, Debtors and Defendant cannot mutually agree on the location of the mediation then the mediation shall take place at the Judge William F. Tuohey Settlement Conference Room.

- The parties shall exchange, and provide the Mediator with a copy of their position statements ("Position Statements"), which may not exceed two (2) pages, single-spaced in 12 point type (exclusive of exhibits and schedules), at least ten (10) days prior to the scheduled mediation. The Mediator may also require the parties to provide to the Mediator any relevant papers and exhibits as well as a settlement proposal.

- The Mediator will preside over the mediation with full authority to determine the nature and order of the parties' presentations and with the full authority to implement any additional procedures which are reasonable and practical under the circumstances.

- The length of time necessary to effectively complete the mediation will be two (2) hours ("Initial Mediation"). After the Initial Mediation, if both parties and the Mediator all agree that Initial Mediation session has been productive and should be continued, then the parties and the Mediator may extend the mediation by two (2) hour increments at $500 per two (2) hour session to be split equally by the parties ("Additional Mediation"). The Mediator may also adjourn a mediation that has been commenced if the Mediator determines that an adjournment is in the best interests of the parties.

- The parties shall participate in the mediation in good faith with a view toward reaching a consensual resolution. The mediation(s) shall be attended in person by an employee of the Plaintiff and Defendant with full settlement authority (and if a Defendant is represented by counsel, their counsel) as well as counsel for the Debtors (who must have full settlement authority from the Debtors). Notwithstanding the above, an attorney for Defendant with full settlement authority may personally attend the mediation in lieu of an employee of Defendant, however, in that event, Defendant's authorized individual/employee with full settlement authority shall appear at the mediation in person or by telephone.

3

- The Mediator shall not mediate a Preference Action in which the Mediator or the Mediator's law firm currently represents a party with respect to any Preference Action or is otherwise currently adverse to the Debtors' estates. If the Mediator or the Mediator's law firm has a conflict, the Court appointed Conflicts Mediator shall be Stacey L. Meisel, Esq. ("Conflicts Mediator").  The Conflicts Mediator shall serve under the same procedures and protocols as the Mediator and be compensated in accordance with the Mediator's Compensation Structure.

- All proceedings and writings incident to the mediation will be considered privileged and confidential and subject to all the protections of Federal Rule of Evidence 408, and shall not be reported or admitted in evidence for any reason whatsoever.  Nothing stated or exchanged during mediation shall operate as an admission of liability, wrongdoing or responsibility.

- The mediation shall be conducted so as to be completed within sixty (60) days after the earlier of (i) the Response Due Date or (ii) the joint agreement to enter mediation before the Response Due Date, which deadline may be extended by the mutual consent of the Debtors, the Defendant and the Mediator, subject to the Mediator's availability.

- If a party (a) fails to submit the required Position Statement or other submissions as provided in these Proposed Procedures or as may be agreed to by the Mediator or ordered by the Court, (b) fails to pay the Mediator's fee, or (c) fails to attend the mediation, then the non-defaulting party may file a motion for default judgment (in which case any answer filed shall be deemed stricken from the record) or a motion to dismiss the adversary proceeding, as applicable.

- Within ten (10) days after the conclusion of each mediation, the Mediator shall file a Mediator's Report in the Preference Action, which shall be limited to stating only (i) whether the Preference Action settled or did not settle; (ii) the date or dates the mediation took place; and (iii) the names of the parties and/or counsel who attended.

- Nothing herein shall preclude such modification of the mediation procedures as can be agreed to between the parties with the consent of the Mediator, or as can be demonstrated by either party, on motion of the Court, as being necessary and appropriate under the circumstances of any individual Preference Action, provided however, the various stays provided for in Paragraphs B, C, D, and F of these procedures shall remain in place as provided for herein.

**H.    Preference Actions Omnibus Hearings**

- The Court will schedule regular Omnibus Hearing dates in the Bankruptcy Case, on which dates any post-mediation Pretrial Scheduling Conference will take place.  Any pretrial motions filed by the parties in the Preference Actions must be set for hearing on an Omnibus Hearing date unless otherwise ordered by the Court.

4

*Approved by Judge Donald H. Steckroth September  18, 2014*

I. **<u>Motions Affecting All Preference Actions</u>**

- Any motions filed by the Debtors that affect all of the Preference Actions shall be filed in the Bankruptcy Case and not in each separately docketed Preference Action; <u>provided</u>, <u>however</u>, that each Defendant shall receive notice of the filing of the same.

4816-4964-0478, v. 1

*Approved by Judge Donald H. Steckroth September 18, 2014*

# Exhibit A

**TRENK, DiPASQUALE,**
**DELLA FERA & SODONO, P.C.**
347 Mount Pleasant Avenue, Suite 300
West Orange, New Jersey 07052
(973) 243-8600
Joseph J. DiPasquale, Esq.
Thomas M. Walsh, Esq.
*Special Counsel to Debtors*
*and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>DOTS, LLC, et al.,[1]<br><br>           Debtors. | Chapter 11<br><br>Lead Case No. 14-11016 (DHS)<br>(Jointly Administered) |

### NOTICE OF SETTLEMENT OF PREFERENCE CLAIM

TO:    ALL PARTIES ENTITLED TO NOTICE

PLEASE TAKE NOTICE that on January 20, 2014 (the "Petition Date"), each of the above- captioned Debtors commenced a voluntary case under chapter 11 of title 11 of the United States Code before the United States Bankruptcy Court of the District of New Jersey (the "Bankruptcy Court").

**TAKE FURTHER NOTICE** that on **[DATE]**, the Debtors filed a complaint [or threatened to file a complaint] [against **[NAME OF DEFENDANT]** ("Defendant") in the Bankruptcy Court seeking to avoid and recover preferential transfers made by Debtors to Defendant in the total amount of **[$_____]**.

---

[1] The Debtors in these Chapter 11 cases are Dots, LLC, IPC/Dots LLC, and Dots Gift LLC.

*Approved by Judge Donald H. Steckroth September 18, 2014*

**TAKE FURTHER NOTICE** that, in an effort to resolve the Debtors preference claims and in recognition of the costs inherent in litigating the claims, the Debtors engaged in settlement discussions and negotiations with the Defendant concerning such claims.

**TAKE FURTHER NOTICE** that the Debtors have determined in their business judgment to settle the preference claims against Defendant for the amount of **[$_____]**.

**TAKE FURTHER NOTICE** that contingency fee counsel has requested payment of a contingency fee in the amount of **[$_____]** and **[$_____]** for reimbursement of out-of-pocket disbursements, as set forth on the attached schedule.

**TAKE FURTHER NOTICE** that any objections to the settlement or the contingency fee described herein must be in writing and filed with the Clerk of the United States Bankruptcy Court for the District of New Jersey, Martin Luther King, Jr. Federal Building, 50 Walnut Street, Third Floor, Newark, New Jersey 07102 and served upon the Debtors' special counsel, Trenk, DiPasquale, Della Fera & Sodono, P.C., 347 Mt. Pleasant Avenue, Suite 300, West Orange, New Jersey 07052 (Attention:  **[ATTORNEY]**), as to be received by no later than ten (10) days after the date of this notice.  If no objections are timely filed and served, the settlement described herein will become effective and will be deemed approved by the Court.  The Court will schedule a hearing to consider any timely filed objections.

        **TRENK, DiPASQUALE,**
        **DELLA FERA & SODONO, P.C.**
        *Special Counsel to Debtors*
        *and Debtors-in-Possession*

        By:____/s/**[ATTORNEY]**_____
           **[ATTORNEY]**

Dated: [_____], 2014

4815-7408-6684, v.  2

*Approved by Judge Donald H. Steckroth September  18, 2014*

**In re: Dots, LLC, et al.**
**Chapter 11 Lead Case No. 14-11016 (DHS) (Jointly Administered)**

CONTINGENCY FEE SCHEDULE
FOR SETTLEMENT OF PREFERENCE ACTIONS

Defendant's Name: _____

Preference Claim Amount: $_____

Total Settlement Amount: $_____

Total Contingency Fee to Trenk, DiPasquale,
Della Fera & Sodono, P.C. (17% of Settlement Amount): $_____

Total Out-of-Pocket Expenses: $_____

**Breakdown of Out-of Pocket Expenses**

- 7% of Settlement Amount to
  GRL Capital Advisor LLC:        $_____

- Photocopies:                    $_____

- Travel:                         $_____

- Other:                          $_____

4813-1666-1276, v. 1

*Approved by Judge Donald H. Steckroth September 18, 2014*